# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 21, 2016 Session

## ANDREW HIRT, ET AL. v. METROPOLITAN BOARD OF ZONING APPEALS OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY TENNESSEE

**Appeal from the Chancery Court for Davidson County**
**No. 13-1330-III      Ellen H. Lyle, Chancellor**

_____

**No. M2015-02511-COA-R3-CV – Filed December 15, 2016**

_____

This appeal concerns a local zoning board's denial of a permit to replace an old billboard with a new digital billboard. After the zoning board denied the permit for the new billboard, the applicants who had requested the permit filed a petition for a writ of certiorari in chancery court. The chancery court found no basis to disturb the zoning board's denial of a permit based upon its review of the administrative record. Although the applicants have appealed from the chancery court's decision, we conclude that we cannot reach the merits of their appeal. Because the applicants did not file a petition for a writ of certiorari that complied with Tennessee Code Annotated section 27-8-106 within sixty days of the zoning board's order, we conclude that the chancery court was without subject matter jurisdiction to review the zoning board's actions. We accordingly vacate the chancery court's order and dismiss this case.

**Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Chancery Court Vacated and Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellants, Andrew Hirt and BMP Partnership II.

J. Brooks Fox and Catherine J. Pham, Nashville, Tennessee, for the appellees, Metropolitan Board of Zoning Appeals of the Metropolitan Government of Nashville and Davidson County Tennessee.

**OPINION**

**Background and Procedural History**

The Appellants are the owners of a parcel of land located municipally at 4500 Harding Pike, Nashville, Tennessee 37205. This land is located adjacent to the intersection of White Bridge Pike and Harding Pike and is the former site of a billboard. In recent years, the billboard at the site had been used to advertise a hospital's emergency room wait time.

In June 2013, the Appellants applied to the Metropolitan Government Department of Codes and Building Safety for a permit to replace the old billboard that had existed on the site with a new LED digital billboard that was proposed to be located closer to the street. After the Zoning Administrator denied the Appellants' request for a permit, the Appellants appealed to the Metropolitan Board of Zoning Appeals ("BZA"). On July 22, 2013, the BZA entered an order upholding the Zoning Administrator's decision to deny a permit.

On September 20, 2013, the Appellants filed a petition for a writ of certiorari in the Davidson County Chancery Court. Within their petition, the Appellants contended that the BZA had acted capriciously, illegally, and arbitrarily in denying their application for a permit and contended that its decision was not supported by the evidence. The Appellants also generally contended that the BZA had violated their equal protection rights and asserted that other permit applicants had been granted permits in identical factual circumstances. After the Appellants filed an amended petition for a writ of certiorari on November 12, 2013, the trial court issued a writ of certiorari directing the BZA to make a complete record of its proceedings regarding the subject property available for review.

Following the filing of the administrative record from the BZA in the trial court, the Appellants filed a motion to supplement the record to include applications for zoning permits the BZA had previously approved that were allegedly identical and/or similar to the Appellants' application. The Appellants asserted that such proof would be relevant to show that the BZA had acted capriciously and arbitrarily in denying their application for a permit. The trial court eventually denied the motion to supplement the record by finding that there were no "common circumstances between the [proposed evidence] and the [Appellants'] Petition."

On July 29, 2015, the trial court entered an order upholding the BZA's decision to deny the requested permit. Although the Appellants subsequently filed a motion to alter or amend the trial court's ruling pursuant to Rule 59 of the Tennessee Rules of Civil

Procedure, the trial court denied the motion by order entered on November 30, 2015. This timely appeal then ensued.

**Discussion**

On appeal, the Appellants raise two issues for our review. First, they contend that the trial court erred in upholding the BZA's decision to deny a permit. Second, they assert that the trial court erred by denying their motion to supplement the record. As will be explained below, because we conclude that the trial court was without subject matter jurisdiction to review the Appellants' certiorari petition, these raised concerns are pretermitted.

"The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted). It "involves the nature of the cause of action and the relief sought . . . and can only be conferred on a court by constitutional or legislative act." *Id.* (citations omitted). Courts "cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citation omitted). Because subject matter jurisdiction concerns the basis on which the court derives its authority to act, it cannot be waived. *Sumner v. Campbell Clinic PC*, 498 S.W.3d 20, 27 (Tenn. Ct. App. 2016) (citation omitted). Indeed, the parties cannot confer subject matter jurisdiction on a trial court by an appearance, plea, consent, or silence. *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006) (citations omitted). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (citations omitted). On appeal, we are required to consider the subject matter jurisdiction of both this Court and that of the trial court "regardless of whether the existence thereof is presented as an issue." *Morrow v. Bobbitt*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996) (citations omitted). "[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal." *First Am. Trust Co.*, 59 S.W.3d at 141 (citations omitted).

In cases such as the present one, a petition for a common-law writ of certiorari is the "proper vehicle for seeking judicial review of a decision by a local board of zoning appeals." *See Moore v. Metro. Bd. of Zoning Appeals*, 205 S.W.3d 429, 435 (Tenn. Ct. App. 2006) (citations omitted). In Tennessee, the decision to file a petition for a writ of certiorari is governed by our State Constitution, as well as a number of statutory provisions. In pertinent part, the Tennessee Constitution provides as follows:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.

Tenn. Const. art. 6, § 10. In accordance with this provision, the Tennessee Code provides that the "judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." Tenn. Code Ann. § 27-8-104(a). Tennessee Code Annotated section 27-8-106 specifically provides that the "petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106. When seeking review by certiorari, the petition must be filed within sixty days from the order or judgment appealed from. *See* Tenn. Code Ann. § 27-9-102. "Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Blair v. Tenn. Bd. of Prob. and Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citation omitted).

As is relevant here, a trial court's jurisdiction is not solely dependent on whether the petitioner has timely filed a petition seeking certiorari review. Jurisdiction "is also predicated upon the verification requirement in section 27-8-106." *Id.* at 41. "Neither the trial court nor the appellate court acquires jurisdiction over the petition unless it is verified under [Tennessee Code Annotated section 27-8-106]." *Id.* (citations omitted). The petitioner "must verify the contents of the petition *and* swear to the contents of the petition under oath, typically by utilizing a notary public." *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *4 (Tenn. Ct. App. Feb. 13, 2006) (citations omitted). The requirement that a petitioner swear to the contents of the petition under oath "necessarily connotes that the petitioner is first administered an oath and then states in accordance with that oath that the contents of the petition are true." *Id.* at *3 (citation omitted).

In this case, the Appellants' original petition for a writ of certiorari was timely filed within the sixty-day time period provided for in Tennessee Code Annotated section 27-9-102. It did not, however, comply with the verification requirement of Tennessee Code Annotated section 27-8-106. Attached to the end of the petition was an "Oath," which we reproduce in its entirety below:

<u>OATH</u>

I am a petitioner in this action and a representative of BMP Partnership II and I have personal knowledge of the foregoing facts. I hereby declare under penalty of perjury that the foregoing is true and correct.

_____                    _9/19/13_____
ANDREW HIRT                                          DATE

Noticeably absent is the signature of *any* of the persons listed in Tennessee Code Annotated section 27-8-106. As previously noted, that statute provides that "[t]he petition for certiorari may be **sworn to before** the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public[.]" Tenn. Code Ann. § 27-8-106 (emphasis added). The Appellants' failure to comply with the verification requirement should have warranted dismissal of the petition. *See Wilson*, 2006 WL 325933, at *4 (affirming dismissal of petition when, despite petitioner's verification that the petition's contents were true and correct, the petition was not notarized by a notary public).

Although the Appellants filed an amended petition for a writ of certiorari on November 12, 2013, the amended petition also failed to comply with the verification requirement of Tennessee Code Annotated section 27-8-106. Like the first petition, the amended petition contained a representation that the matters set forth in the petition were true and correct, but it did not reflect that it was "sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public[.]" Tenn. Code Ann. § 27-8-106. Reproduced in its entirety, the verification attached to the end of the amended petition read as follows:

## VERIFICATION

STATE OF TENNESSEE    )

COUNTY OF DAVIDSON  )

I, Andrew Louis Hirt, one of the petitioners, hereby declare under penalty of perjury that I am authorized to verify and affirm the facts set forth in the foregoing petition. I have read the petition and the matters set forth herein are true and correct to the best of my knowledge and information.

_____          __11/12/13_____
ANDREW LOUIS HIRT                                          DATE

We note that when the trial court issued a writ of certiorari the day following the filing of the amended petition, the trial court recited that the Appellants' petition was "duly sworn." While the record does not reflect that the amended petition was duly sworn in accordance with the statute, the trial court's conclusion to the contrary would not be dispositive in any event given the facts of this case. Assuming *arguendo* that the amended petition had, in fact, complied with Tennessee Code Annotated section 27-8-106, we note that it was not filed within sixty days of the BZA's order. As such, the trial court was without subject matter jurisdiction to conduct any judicial review. *See Terry v. Tenn. Dep't of Corr.*, No. W2008-01907-COA-R3-CV, 2009 WL 1138122, at *3 (Tenn. Ct. App. Apr. 28, 2009) (citation omitted) ("Failure to file a proper petition within the sixty-day time limit results in the challenged judgment becoming final[.]").

## Conclusion

For the foregoing reasons, we conclude that the trial court was without subject matter jurisdiction in this case. We accordingly vacate the trial court's final order and dismiss the Appellants' petition. Costs of this appeal are assessed against the Appellants, BMP Partnership II and Andrew Hirt, and their surety, for which execution may issue if necessary. This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE

- 6 -