IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2019

## RANDELL SEXTON v. DAVID HART ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 18-24-III     Ellen Hobbs Lyle, Chancellor**

_____

## No. M2018-01537-COA-R3-CV

_____

The *pro se* appellant, a state inmate, filed a petition for a writ of mandamus in the Davidson County Chancery Court ("trial court"). Averring that correction facility officials had wrongfully withheld back pay due to him for thirty-seven days of work he missed in his prison employment program pending his ultimately successful appeal of a disciplinary action, the petitioner requested that the trial court direct prison officials to tender $1,475.37 in back pay plus interest. The prison officials, represented by the Tennessee Attorney General's office, filed a motion to dismiss, asserting that the petitioner had waived this action in the trial court by previously filing a claim with the Division of Claims Administration (now known as the Division of Claims and Risk Management) and that the petitioner was not entitled to back pay under the applicable program procedures. In an order entered upon the pleadings, the trial court dismissed the petitioner's action upon finding that the applicable procedures did not entitle the petitioner to back pay. The petitioner then filed a motion to alter or amend the judgment, which the trial court denied. The petitioner has appealed. Having determined that the trial court lacked subject matter jurisdiction over this action, we vacate the trial court's order and dismiss this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Randell Sexton, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Torrey E. Samson, Assistant Attorney General, for the appellees, David Hart and Tony Parker.

**OPINION**

## I. Factual and Procedural Background

The petitioner, Randell Sexton, has been incarcerated at all times relevant to this appeal at the Bledsoe County Correctional Complex in Pikeville, Tennessee. Mr. Sexton commenced this action by filing a petition for writ of mandamus in the trial court on January 10, 2018. He named as respondents David Hart, the Chief Executive Officer of the Tennessee Rehabilitative Initiative in Correction ("TRICOR"), and Tony Parker, the Commissioner of the Tennessee Department of Correction ("TDOC") (collectively, "Respondents"). Mr. Sexton alleged that Respondents had improperly withheld $1,475.37 in back pay from him following the reversal on appeal of a class B disciplinary conviction, during the pendency of which Mr. Sexton was prohibited from working for thirty-seven days.

Mr. Sexton's employment was through a voluntary program administered under TRICOR and entitled Prison Industry Enhancement ("PIE"). According to documentation attached to his petition, Mr. Sexton was dismissed from his employment pursuant to a "Request for Program Dismissal" submitted by TRICOR Operations Manager Dave Baker to "Mike Harris/F. Scott Lansford, Inmate Jobs Coordinators" on March 3, 2017, in which Mr. Baker stated that Mr. Sexton had been "convicted of a Class B 'Defiance' disciplinary" offense and was therefore no longer eligible to work for TRICOR. Upon Mr. Sexton's internal appeal, the TDOC commissioner issued a decision on April 20, 2017, dismissing the defiance charge.

Following dismissal of his offense, Mr. Sexton initially sought back pay through an inquiry to TRICOR's general counsel. In a letter dated June 21, 2017, Victor Edmonson of TRICOR responded, informing Mr. Sexton that because his "Job Drop" had been at the direction of TDOC and not at the direction of TRICOR, he would not receive back pay from TRICOR. Mr. Sexton subsequently initiated an inmate grievance with TDOC, which resulted in an inquiry from TDOC to TRICOR. In a memorandum to the inquiring TDOC officer, dated June 29, 2017, Mr. Edmonson reiterated the decision that Mr. Sexton would not receive back pay.

Pursuant to the Tennessee Prisoner Litigation Reform Act, codified at Tennessee Code Annotated §§ 41-21-801 to -818 (2014 & Supp. 2018), Mr. Sexton filed an affidavit in February 2018 with the trial court in which he provided information regarding any prior lawsuits he had filed. *See Fields v. Corr. Corp. of Am.*, No. M2011-01344-COA-R3-CV, 2012 WL 987337, at *2 (Tenn. Ct. App. Mar. 21, 2012) ("[T]he Tennessee Prisoner Litigation Reform Act was enacted [in 1996] 'to counter some of the abuses that arise when inmates exercise their rights to file lawsuits *in forma pauperis*.'" (quoting

*Sweatt v. Tenn. Dep't of Corr.*, 99 S.W.3d 112, 114 (Tenn. Ct. App. 2002))). In compliance specifically with Tennessee Code Annotated § 41-21-805 (2014), Mr. Sexton included in his affidavit that he had previously filed a claim regarding his denial of back pay with the Division of Claims Administration against the State of Tennessee ("the State"), TRICOR, Mr. Baker, and Mr. Edmonson. Although Mr. Sexton did not provide the case number or date and stated that he no longer possessed documentation of the claim, he did explain in his affidavit that the "Claims Commission" had ultimately denied his claim on the basis that "the refusal of the back pay was not a result of negligence." Mr. Sexton also stated that his grievance with TDOC had been "exhausted at TDOC's third level on July 11, 2017."

We note that through a statutory amendment effective May 4, 2017, the Division of Claims Administration has been renamed the Division of Claims and Risk Management. *See* 2017 Tenn. Pub. Acts, Ch. 271 § 1 (S.B. 623). Although this name change was in effect at the time that Mr. Sexton filed his claim, the Division is referred to throughout the record before us as the Division of Claims Administration. For ease of reference in this opinion, we will hereinafter refer to the Division of Claims Administration/Division of Claims and Risk Management as "the Division."

Respondents, represented in their respective official capacities by the Tennessee Attorney General's office, filed a motion to dismiss on March 14, 2018. Respondents contended that the trial court lacked subject matter jurisdiction because Mr. Sexton had waived this action by filing a claim first with the Division. In support of this contention, Respondents relied on jurisdictional and waiver provisions contained in Tennessee Code Annotated § 9-8-307. Respondents also contended in their motion to dismiss that Mr. Sexton was not entitled to back pay under the applicable TRICOR and TDOC policies and that such an action for monetary damages was not appropriate for mandamus relief.

Respondents filed a memorandum in support of their motion to dismiss, attaching, *inter alia*, a copy of a letter, dated November 15, 2017, sent from Andrew Ellis, a claims examiner with the Division, to Mr. Sexton. In the letter, Mr. Ellis explained that the Division had denied Mr. Sexton's claim, stating in pertinent part:

> [U]nder T.C.A. §9-8-402, the claimant has the burden of establishing that actual damages or injuries were proximately caused by negligence on the part of the state officials. According to your submitted claim and an institutional investigation into this claim, there is no evidence to prove that any alleged damages or losses were proximately caused by the negligence of state officials; therefore, the claim is denied.

3

> You have a right to file your claim with the Claims Commission within 90 days of the date of this denial. Your appeal and one copy should be sent to the Claims Commission. Please refer to the attached instructions.

The record contains no indication that Mr. Sexton ever appealed the decision of the claims examiner to the Claims Commission.

Mr. Sexton filed a response opposing Respondents' motion to dismiss on April 2, 2018. While expressly conceding that, pursuant to Tennessee Code Annotated § 9-8-307(b), "if the Respondent[s] had been acting within the scope of their employment this cause of action would have been waived upon his filing a petition with the [Division]," Mr. Sexton argued that his action was not waived because Respondents allegedly had been acting outside the scope of their employment when denying his back pay. Asserting that he had recently filed a motion to amend his petition to sue Respondents in their individual capacities as well as in their official capacities, Mr. Sexton argued that Respondents were not acting within the scope of their employment because they had been violating "the clear commands of policy."

On April 10, 2018, the trial court entered an order holding Respondents' motion to dismiss in abeyance and requesting that Respondents provide the court with a copy of TDOC policy number 208.10, which had been referred to in Mr. Edmonson's June 2017 letter to Mr. Sexton but which had not been presented to the court. The court also directed Respondents to file "any other regulations and policies on why the PIE position [Mr. Sexton] holds precludes him from receiving back pay, and any briefing or affidavit on the same which the Respondents seek to file." In addition, the court ruled that it would hold Mr. Sexton's motion to amend his petition to add Respondents in their individual capacities in abeyance.[1] Respondents complied with the trial court's order by filing TDOC policy number 208.10 and selected TRICOR standard operating procedures, as well as an affidavit executed by TRICOR's general counsel, Devin M. Wells, in which Mr. Wells explained the intersection of TRICOR and TDOC policies and procedures governing Mr. Sexton's employment in the PIE program.

On April 20, 2018, the trial court entered an order dismissing Mr. Sexton's petition with prejudice. The court did not expressly rule on the issue of waiver and its effect on subject matter jurisdiction. Instead, the court dismissed the action upon finding that Mr. Sexton was not entitled to back pay under the applicable TRICOR procedures governing the PIE program. The court stated in relevant part:

---

[1] No motion to amend the petition appears in the record, although Mr. Sexton did describe such a motion and present an argument in support of it in his opposition to Respondents' motion to dismiss.

4

Upon reviewing the motion to dismiss, the Court determined it needed a copy of the PIE policies and procedures referred to in the regulations cited by [Mr. Sexton] . . . . Those were filed with the Court on April 17, 2018.

The filing established that the TRICOR job performed by [Mr. Sexton] is a Prison Industry Enhancement ("PIE") program regulated by the U.S. Department of Justice. The Policy #208.10 referred to above in the TDOT regulations are separate Department of Justice TRICOR policies and Standard Operating Procedures ("SOPs"). Under these, all offender pay is governed generally by TRICOR policy 1008. Specific instructions are given in SOPs 1008-1, 1008-2 and 1008-3. SOP 1008-1 concern[s] non-PIE operations and SOP 1008-2 concerns PIE Operations. SOP 1008-3 applies to both but only addresses attendance, Payroll, and Tax Functions. Policy 1008 (V)(B)(3) states: "Offender will not be paid for Absences from work except under circumstances outline[d] in SOP 1008-1 and 1008-2." SOP 1008-2 (5)(5.2)(9) states: ["]TRICOR offenders will not be paid for absences from work except for those individuals participating in TRICOR Parole Readiness classes and those elected to serve on the inmate council or inmate grievance committee." Absences for disciplinary reasons and resulting hearing and findings are not one of the enumerated exceptions. Thus, under the governing PIE procedures, [Mr. Sexton] does not qualify for back pay even though he received a not-guilty determination on the disciplinary charge.

Accordingly, upon application of the PIE procedures, [Mr. Sexton] does not qualify for back pay and his claims in this lawsuit must be dismissed.

On May 7, 2018, Mr. Sexton filed a "Rule 52.02 and 59.04 Motion to Amend or Alter Judgment," asserting that an additional TRICOR policy filing was needed to establish that he was entitled to back pay. Respondents filed a response opposing the motion, noting that Mr. Sexton had filed the policy he cited with his original petition and asserting that Mr. Sexton was attempting to improperly relitigate his petition. The trial court denied the motion to alter or amend in an order entered July 19, 2018. Mr. Sexton timely appealed to this Court.

## II. Issues Presented

Mr. Sexton presents two issues on appeal, which we have reordered and restated as follows:

5

1.      Whether, pursuant to Tennessee Code Annotated § 9-8-307(b), Mr. Sexton waived this cause of action when he filed a claim with the Division or whether such waiver is void.[2]

2.      Whether the trial court erred by declining to find that Mr. Sexton was entitled to a writ of mandamus to direct state officials to tender thirty-seven days of back pay pursuant to TRICOR Policy No. 1014 and TDOC Policy No. 504.04.

### III.  Standard of Review

Our review of the trial court's judgment following a non-jury proceeding is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise.  *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).  "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect."  *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)).  We review the trial court's conclusions of law *de novo* with no presumption of correctness.  *Hughes v. Metro. Gov't of Nashville & Davidson Cty*, 340 S.W.3d 352, 360 (Tenn. 2011).

In this action, Respondents argued in their motion to dismiss that the trial court did not have subject matter jurisdiction because Mr. Sexton had waived the action.  Alternatively, Respondents argued that Mr. Sexton was not entitled to back pay and that the relief sought was inappropriate for a writ of mandamus.  As to a motion to dismiss based on lack of subject matter jurisdiction, our Supreme Court has previously explained:

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1).  The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it.  *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943).  Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act.  *See Kane v. Kane*, 547 S.W.2d

---

[2] We note that the issue of waiver, also presented by Respondents on appeal, inherently raises the effect of waiver on the trial court's subject matter jurisdiction over Mr. Sexton's petition.  *See Sumner v. Campbell Clinic PC*, 498 S.W.3d 20, 27 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. Aug. 18, 2016).

559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

In contrast, a trial court's decision concerning whether to grant a writ of mandamus is a discretionary one. *Grant v. Foreperson for Bradley Cty. Grand Jury*, No. E2009-01450-COA-R3-CV, 2010 WL 844912, at *5 (Tenn. Ct. App. Mar. 11, 2010) ("[I]t has long been settled in Tennessee that the granting of the writ of mandamus, even when the right thereto is clear, lies in the sound discretion of the court."). As this Court has explained, "a trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## IV. Waiver and Subject Matter Jurisdiction

Although the trial court did not expressly rule on the issue of waiver and its effect on subject matter jurisdiction, Mr. Sexton has properly raised the issue on appeal because Respondents have posited throughout the pendency of this action that the trial court lacked subject matter jurisdiction over Mr. Sexton's claim. Additionally, because subject matter jurisdiction involves the authority of the trial court and of this Court to act, we must consider subject matter jurisdiction as a threshold issue. *See* Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have

jurisdiction over the subject matter, whether or not presented for review . . . ."); *Sumner v. Campbell Clinic PC*, 498 S.W.3d 20, 27 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. Aug. 18, 2016) ("Subject matter jurisdiction cannot be waived 'because it is the basis for the court's authority to act.'" (quoting *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996))). Mr. Sexton contends that any waiver under the statute is void because Respondents were "acting outside of the scope of their employment." Upon careful review of the record and applicable authorities, we disagree. Moreover, because we determine that Mr. Sexton's waiver of the action deprived the trial court of subject matter jurisdiction, we determine this issue to require the dismissal of Mr. Sexton's cause of action and therefore to be dispositive of this appeal. *See Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004) ("Subject matter jurisdiction involves a court's lawful authority to adjudicate a particular controversy.").

It is well settled that the State possesses sovereign immunity from lawsuits, "except as it consents to be sued." *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000) (citing *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997); *Brewington v. Brewington*, 387 S.W.2d 777, 779 (Tenn. 1965)). The Claims Commission was created by the General Assembly in 1984 under the Tennessee Claims Commission Act, codified at Tennessee Code Annotated § 9-8-301, *et seq.*, to "hear and determine claims against the State," pursuant to the legislature's "constitutional prerogative to allow suits against the State." *Mullins v. State*, 320 S.W.3d 273, 278-79 (Tenn. 2010) (citing Act of May 24, 1984, ch. 972, §§ 1, 5(a), 1984 Tenn. Pub. Acts 1026, 1027-28). The Commission's jurisdiction is confined to claims within specific categories enumerated in Tennessee Code Annotated § 9-8-307(a) (Supp. 2018). *See Mullins*, 320 S.W.3d at 279; *Sumner*, 498 S.W.3d at 28.

The statutory scheme mandates that "most plaintiffs seeking to pursue claims against the State . . . must generally turn first to [the Division] by filing a written notice of claim there." *Sumner*, 498 S.W.3d at 28 (citing Tenn. Code Ann. § 9-8-402(a)(1)). Concerning the procedure to be followed once a claim is filed with the Division, Tennessee Code Annotated § 9-8-402(c) (Supp. 2018) provides:

> The division of claims and risk management shall investigate every claim and shall make every effort to honor or deny each claim within ninety (90) days of receipt of the notice. If the claim is denied, the division shall so notify the claimant and inform the claimant of the reasons therefor and of the claimant's right to file a claim with the claims commission within ninety (90) days of the date of the denial notice. If the claim is honored and the damages may be ascertained within the ninety-day settlement period, the division shall so notify the claimant, and inform the claimant of the conditions of the settlement offer, and of the claimant's right to file such

claimant's claim with the claims commission within ninety (90) days of the date of the settlement notice if the conditions of the settlement offer are unacceptable. If the claim is honored and the amount of damages may not be ascertained within the ninety-day settlement period because evidence of loss will be obtained after the ninetieth day of the settlement period, the division shall so notify the claimant and inform the claimant of the claimant's right to file a claim with the claims commission within ninety (90) days of the date the division forwards final compensation to the claimant or upon written request for transfer to the commission by the claimant; provided, that final compensation shall be forwarded to the claimant within one (1) year of the date of the settlement notice. If the division fails to honor or deny the claim within the ninety-day settlement period, the division shall automatically transfer the claim to the administrative clerk of the claims commission.

Regarding waiver of other causes of action upon initiation of a claim with the Claims Commission, Tennessee Code Annotated § 9-8-307(b) (Supp. 2018) provides:

Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

As Respondents note, this Court considered the issue of waiver under Tennessee Code Annotated § 9-8-307(b) in *Sumner*, ultimately holding that when the plaintiff gave notice of a claim seeking relief against the State for the alleged actions of a physician employed by the State through the University of Tennessee, without a finding by the Claims Commission that the physician was acting outside the scope of his employment, the plaintiff triggered the statutory waiver provision for any cause of action against the physician based on the same acts or omissions. *See Sumner*, 498 S.W.3d at 35. As this Court explained:

Although the [Tennessee Claims Commission] Act operates as a waiver of the State's sovereign immunity and provides claimants with a "deep pocket" that they would not otherwise be able to pursue, it also "imposes a strict election of remedies requirement." *Haley v. Univ. of Tenn.-Knoxville*, 188 S.W.3d 518, 524 (Tenn. 2006). Indeed, pursuant to Tennessee Code Annotated section 9-8-307(b), "[c]laims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against

9

any state officer or employee." Tenn. Code Ann. § 9-8-307(b). <u>The waiver is only void "if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment."</u> *Id.* Although there is a dispute between the parties as to what triggers the waiver under this statutory section, we are of the opinion that in non-tax cases such as this, the waiver is activated by the filing of the notice of claim in [the Division]. Under the terms of the waiver provision, a waiver is stated to occur when there are "[c]laims against the state filed pursuant to subsection (a)." *Id.* § 9-8-307(b). We note that the referenced "subsection (a)" is the statutory provision containing the list of claims for which the State has waived immunity, over which the Commission is stated to have "exclusive" jurisdiction. *See id.* § 9-8-307(a). We further note that to pursue recovery on any of these claims, save those for the recovery of taxes, a claimant must first file a notice of claim in [the Division]. *Id.* § 9-8-402(a). Indeed, the Rules of the Claims Commission specifically provide that all "[non-tax] [c]laims before the Commission" "are commenced by filing a written notice of claim . . . with [the Division]." Tenn. Comp. R. & Regs. 0310-01-01-.01(2). Considering the statutory scheme as a whole, we are compelled to conclude that the filing of a notice of claim in [the Division] constitutes a "[c]laim[] against the state filed pursuant to subsection (a)." Tenn. Code Ann. § 9-8-307(b).

*Id.* at 29 (emphasis added).

In the case at bar, the trial court in its interim order holding the motion to dismiss in abeyance stated the following, in relevant part, regarding Respondents' waiver argument:

The Respondents' motion to dismiss asserts that [Mr. Sexton] previously filed a claim with [the Division] and sought relief and recovery of the money in issue in that case.

* * *

The letter from the Claims Commission the Respondents attached in support of dismissal, however, states that the Commission decided that . . . negligence had not been committed by State Officials. It does not appear that the Tennessee Code Annotated section 4-5-322 proceeding of deciding the validity of TDOC Policy 504.4 . . . as applied to this case was decided in the Claims Commission; that the validity of TDOC Policy 504.4 was not presented to the Commission; and that the Commission would not have

jurisdiction of that matter. Accordingly, until the Court is provided copies of Policy #208.10 and regulations and policies why the PIE position [Mr. Sexton] held precludes him from qualifying for back pay, the Court cannot judge the waiver argument.

The trial court thereby found in this interim order that because the claims examiner had found no negligence on the part of Respondents and had not analyzed the TDOC policies noted, the Claims Commission may not have retained subject matter jurisdiction over Mr. Sexton's claim for back pay. Although in its final order, the trial court did not directly address the issue of waiver and its effect on subject matter jurisdiction, the court's ultimate ruling implies that the court found it had subject matter jurisdiction to decide the merits of the case.

Contrary to the trial court's finding in its interim order on this issue, Tennessee Code Annotated § 9-8-307(b) provides for voiding of the waiver only "if <u>the commission determines</u> that the act or omission was not within the scope of the officer's or employee's office or employment." (Emphasis added.) In *Sumner*, "the Claims Commission entered an order dismissing [the plaintiff's] claim for lack of jurisdiction" but "refused to make a ruling 'on whether [the defendant physician] was acting in the scope and course of his employment' with respect to his alleged misconduct." *Sumner*, 498 S.W.3d at 25. As in the instant action, the record in *Sumner* gave no indication that the claimant had appealed the Claims Commission's dismissal. *Id.* This Court therefore concluded that the plaintiff's "decision to pursue relief against the State waived any causes of action he had against [the defendant] individually based on the same acts or omissions." *Id.* at 35 ("Having made the choice to seek recovery on a claim for which the State had waived immunity, [the plaintiff] elected to waive other avenues of recovery against [the defendant] 'based on the same act or omission.'" (quoting Tenn. Code Ann. § 9-8-307(b))). Noting that the appeal in *Sumner* was from a judgment certified as final, pursuant to Tennessee Rule of Civil Procedure 54.02, dismissing one defendant but not the entire lawsuit, this Court affirmed the dismissal of that defendant, albeit on the ground of subject matter jurisdiction rather than the ground found by the trial court. *Sumner*, 498 S.W.3d at 21.

Mr. Sexton posits that his waiver of other causes of action was void because he purportedly moved to amend his petition to sue Respondents in their respective individual capacities, claiming that their conduct in denying him back pay was outside the scope of their employment because they had violated "the clear commands of policy." We note that in his response to the motion to dismiss, Mr. Sexton conceded that "if the Respondent[s] had been acting within the scope of their employment this cause of action would have been waived upon his filing a petition with the [Division]." The fatal flaw in Mr. Sexton's argument is that in order for the waiver to be voided in this instance, the

Claims Commission must have determined that the alleged acts or omissions upon which Mr. Sexton's claim is based were outside the scope of Respondents' offices or employment. *See* Tenn. Code Ann. § 9-8-307(b); *Sumner*, 498 S.W.3d at 35.

Here, the record demonstrates that Mr. Sexton filed a claim with the Division that was dismissed by the Division on November 15, 2017, with instructions to Mr. Sexton concerning the procedure for appealing the dismissal to the Claims Commission within ninety days of the dismissal. *See* Tenn. Code Ann. § 9-8-402(c). The Division made no finding that Respondents were acting outside their offices or employment when they denied Mr. Sexton's request for back pay, and the record contains no indication that Mr. Sexton appealed the Division's decision to the Claims Commission. Moreover, it is undisputed that the acts or omissions complained of by Mr. Sexton are virtually identical between the claim filed with the Division and that asserted in the instant petition. We therefore determine that under Tennessee Code Annotated § 9-8-307(b), Mr. Sexton waived any other cause of action based on the same acts or omissions that he alleged against Respondents in his claim to the Division. We further determine that this waiver is not void but fully operational. *See Sumner*, 498 S.W.3d at 36 ("There being no determination that [the defendant's] alleged acts or omissions were outside the scope of his office or employment, [the plaintiff's] waiver remains operative.").

Upon thorough review, we conclude that because Mr. Sexton has waived this cause of action by first filing a claim with the Division, the trial court lacked subject matter jurisdiction to consider the merits of Mr. Sexton's petition for a writ of mandamus. We therefore vacate the trial court's order and dismiss this case in its entirety. *See First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001), *perm. app. denied* (Tenn. Oct. 8, 2001) ("[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal."); *see, e.g.*, *Hirt v. Metro. Bd. of Zoning Appeals of the Metro. Gov't of Nashville & Davidson Cty, Tenn.*, 542 S.W.3d 524, 529 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. Apr. 13, 2017) (vacating the trial court's final order and dismissing the petition for writ of certiorari upon determining that the trial court lacked subject matter jurisdiction); *Hogan v. Hogan*, No. W2008-01750-COA-R3-CV, 2009 WL 2632755, at *9 (Tenn. Ct. App. Aug. 27, 2009), *perm. app. denied* (Tenn. Mar. 1, 2010) (concluding that upon a determination that Tennessee courts did not have subject matter jurisdiction over a child custody case, this Court had "no choice but to vacate the rulings and orders of both the trial court and the arbitrator and dismiss the case").

## V. Remaining Issue

Mr. Sexton's remaining issue concerns the trial court's dismissal of his petition for a writ of mandamus upon the trial court's determination that Mr. Sexton was not entitled to back pay based on the trial court's interpretation of the applicable TRICOR and TDOC policies. Having determined that the trial court lacked subject matter jurisdiction to consider the merits of Mr. Sexton's petition, we further determine that we must vacate the judgment and dismiss the case without addressing the issue of whether Mr. Sexton was entitled to back pay or any issue regarding whether a writ of mandamus would constitute appropriate relief in such an action. *See First Am. Trust Co.,* 59 S.W.3d at 141.

## VI. Conclusion

For the foregoing reasons, we vacate the trial court's final order and dismiss this case in its entirety. We remand to the trial court, pursuant to applicable law, for collection of costs assessed below. The costs on appeal are assessed against the appellant, Randell Sexton.

_____
THOMAS R. FRIERSON, II, JUDGE