IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 10, 2020 Session

## ANDREW HIRT, ET AL. v. METROPOLITAN BOARD OF ZONING APPEALS OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

**Appeal from the Chancery Court for Davidson County**
**No. 18-381III          Ellen H. Lyle, Chancellor**

_____

### No. M2019-00775-COA-R3-CV

_____

This is the second appeal of this case involving a local zoning board's denial of Appellants' permit to replace a static billboard with an LED digital billboard. The zoning board denied Appellants' initial application for a permit, and the chancery court affirmed. In the first appeal, this Court vacated the chancery court's order on its holding that the chancery court lacked subject-matter jurisdiction. Our holding rendered the board's decision a final judgment. The instant appeal arises from Appellants' second application for an LED digital billboard on its property. The board again denied the application, and Appellants appealed to the chancery court. The chancery court held, *inter alia*, that Appellants' second application was barred as res judicata. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

G. Kline Preston IV, Nashville, Tennessee, for the appellants, Andrew Louis Hirt and BMP, LLC.

Daphne A. Bugelli and Lora Barkenbus Fox, Nashville, Tennessee, for the appellee, Metropolitan Board of Zoning Appeals of the Metropolitan Government of Nashville and Davidson County.

### OPINION

Andrew Hirt and BMP, LLC (together, "Appellants") are the owners of a parcel of

land located at the intersection of White Bridge Road and Harding Pike in Nashville. In 1984, Appellants received approval to erect a static billboard (i.e., a billboard with no internal or light-emitting diode ("LED") lighting).

In 1998, the property was rezoned from Commercial Service to Mixed Use Limited. Although billboards are not allowed on Mixed Use Limited zoned properties, Appellants' were allowed to maintain their existing static billboard under the legally non-conforming use exception:

> In the event that a zoning change occurs in any land area . . . where such land area is covered by zoning restrictions of a governmental agency of this state or its political subdivisions, and such zoning restrictions differ from zoning restrictions imposed after the zoning change, then any industrial, commercial or business establishment in operation, permitted to operate under zoning regulations or exceptions thereto prior to the zoning change shall be allowed to continue in operation and be permitted; provided, that no change in the use of the land is undertaken by such industry or business.

Tenn. Code Ann. § 13-7-208 (b)(1). On or before July 18, 2013, Appellants removed the static billboard and made plans to erect a new LED digital billboard on the property. To that end, on June 4, 2013, Appellants submitted a permit application to the Metropolitan Government Department of Codes and Building Safety. The Zoning Administrator denied Appellants' application, and they appealed to the Metropolitan Board of Zoning Appeals ("BZA" or "Appellee"). On July 22, 2013, the BZA upheld the Zoning Administrator's decision to deny the permit.

On September 20, 2013, Appellants filed a petition for a writ of certiorari in the Davidson County Chancery Court, seeking review of the BZA's decision. Appellants argued that "replacing a grandfathered static billboard to an LED digital billboard in a different location on the [Appellants'] property does not constitute changing the 'use' and thus does not forfeit their grandfathered protections provided in Tennessee Code Annotated section 13-7-208." By order of July 29, 2015, the chancery court upheld the BZA's decision, and Appellants appealed to this Court. In *Hirt v. Metro. Bd. of Zoning Appeals of Metro. Gov't of Nashville*, 542 S.W.3d 524 (Tenn. Ct. App. Dec. 21, 2016), *perm app. denied* (Tenn. Apr. 13, 2017) ("*Hirt I*"), we held that the chancery court lacked subject-matter jurisdiction to review Appellants' petition for writ of certiorari because the petition "did not . . . comply with the verification requirement of Tennessee Code Annotated section 27-8-106." *Hirt I*, 542 S.W.3d at 528. Although, in *Hirt I*, we acknowledged the fact that Appellants attempted to correct the verification error by filing an amended petition in the chancery court, we concluded that the "verification" on the amended petition also failed to comply with the statutory requirements. Furthermore, we noted that, even if we allowed that the amended petition satisfied the statutory verification requirement, "it was not filed within sixty days of the BZA's order. As such,

the trial court was without subject-matter jurisdiction to conduct any judicial review." *Id.* at 529 (citation omitted). Based on our conclusion that the chancery court lacked subject-matter jurisdiction, we vacated its July 29, 2015 order and dismissed the petition for writ of certiorari. The effect of our decision was that the BZA's July 22, 2013 decision became the final order in the case. *See* **Terry v. Tenn. Dep't of Corr**., No. W2008-01907-COA-R3-CV, 2009 WL 1138122, at *3 (Tenn. Ct. App. Apr. 28, 2009) (citation omitted) ("Failure to file a proper petition within the sixty-day time limit results in the challenged judgment becoming final[.]").

Following our decision in **Hirt I**, Appellants filed a second application seeking a permit from the Metropolitan Government Department of Codes and Building Safety to erect an LED digital billboard on their property. Appellants' second application, which was filed on November 20, 2017, was ostensibly the same as their first application (i.e. the June 4, 2013 application, *supra*), with the exception of the proposed location of the LED digital billboard on the property. The Zoning Administrator denied the permit, and Appellants appealed to the BZA. Following a hearing on February 1, 2018, the BZA voted unanimously to uphold the Zoning Administrator's denial of the permit. On April 6, 2018, Appellants filed a petition for writ of certiorari in the chancery court, seeking review of the BZA's decision. Appellee filed its answer on November 16, 2018. Therein, Appellee asserted that Appellants' instant petition was "duplicative" in that "[t]he previous case, where the first writ was sought . . . addressed the same facts, the same allegations, and the same legal issues as in the instant case . . ." By order of April 9, 2019, the chancery court dismissed Appellants' petition for writ of certiorari, finding, *inter alia*, that the petition "is barred by the doctrine of res judicata because exactly the same issues presented in this petition for writ of certiorari were already asserted and decided in a prior 2013 Board of Zoning decision between these parties that resulted in a final judgment." Appellants appeal.

## II. Issues

Appellant raises two issues for review, which we restate as follows:

1.  Whether the trial court erred in dismissing Appellants' writ of certiorari based on the doctrine of *res judicata*?

2.  If so, whether the Board of Zoning Appeals acted capriciously, illegally, and/or arbitrarily in denying Appellants' application for a zoning permit?

### III. Res Judicata

As noted above, the trial court dismissed Appellants' petition for writ of certiorari on its finding that same was barred as res judicata. Res judicata is an affirmative defense, which must be pled initially by setting forth "affirmative facts in short and plain terms." Tenn. R. Civ. P. 8.03. Here, Appellants contend that Appellee waived this affirmative defense by failing to sufficiently plead res judicata in its first filing. Specifically, Appellants note that Appellee's answer does not explicitly include the term "res judicata." In addressing the sufficiency of pleadings, courts are to "give effect to the substance of pleadings and motions rather than to their terminology or form." *Anderson v. DTB Corp.*, 1990 WL 33380, at \*2 (Tenn. Ct. App. Mar. 28, 1990) (citations omitted). As noted above, in its answer, Appellee averred that Appellants' second petition for writ of certiorari was "duplicative" of its 2013 petition because it addresses "the same facts, the same allegations, and the same legal issues as this instant case." Specifically, Appellee's answer states:

3. This case is duplicative of *Hirt et al. v. Metro Board of Zoning Appeals*, Case No. 13-1220-III; see Memo. & Order, 7/29/15, rev'd on other grounds (lack of subject-matter jurisdiction due to the Petition not being properly sworn to) in *Hirt et al. v. Metro Board of Zoning Appeals*, No. M2015-02511-COA-R3-CV – and thus subject to dismissal.

4. The Petition in this case states that it is the first application for the writ, when it is actually the second application, which is disallowed. *Talley v. Bd. of Prof's Responsibility*, 358 S.W.3d 185, 193 (Tenn. 2011) (in [sic] must be, in fact, the first petition for writ of certiorari). The previous case, where the first writ was sought, Case No. 13-1330-III, addressed the same facts, the same allegations, and the same legal issues as this instant case (nearly verbatim, with only the dates changed to reflect the time frame of the more-recent, duplicative application).

From the plain language of its answer, it is clear that Appellee asserts that Appellants' second petition for writ of certiorari is barred. The answer references "[t]he previous case where the first writ was sought," and it avers that the previous case "addressed the same facts, the same allegations, and the same legal issues as the instant case . . . ." This is the crux of a res judicata defense. However, even if we allow, *arguendo*, that Appellee's initial filing was insufficient to preserve its res judicata defense, Appellants' December 31, 2018 brief, which was filed in support of their petition for writ of certiorari, clearly acknowledges Appellee's res judicata argument and, in fact, includes an entire section addressing it. Importantly, Appellants' brief does not assert that Appellee waived the defense of res judicata by failing to plead it; rather, Appellants' brief

- 4 -

addresses Appellee's res judicata argument as follows:

> [Appellee] claims that this case is subject to dismissal for being duplicative of [**Hirt I**]. [Appellee] claims that this is the [Appellants'] second application for a writ of certiorari because it allegedly contains the same facts, allegations and legal issues that are in this instant case. [Appellants'] petition for writ of certiorari in the instant case is different from the Writ filed on September 20, 2013 because this Writ arises from a different occurrence and was denied on different grounds. The Writ filed in the instant action was filed on April 6, 2018 for a decision that was rendered on November 20, 2017 by the [BZA]. The decision by the [BZA] cited section 17.40.180 A and 17.40.690 C4 of the Metro Code as a basis for its denial of the 2013 writ of certiorari. In the instant action . . . the [BZA] cited a different basis for its denial. . . . The 2018 writ of certiorari arises out of a decision made on November 20, 2017 and the basis for dismissal was for a different Metropolitan Code than cited [as] the basis for the 2013 denial. Therefore, all of the issues that arose in the 2013 action could not have been litigated in this instant action because they did not exist at that time.

In addressing the applicability of res judicata substantively, Appellants waived any procedural objection based on Appellee's alleged failure to properly plead the defense. In this regard, Appellants' argument is akin to the one addressed by this Court in **Chadwell v. Chadwell**, No. 03A01-9601-GS-00007, 1996 WL 555228, at *4 (Tenn. Ct. App., Oct. 1, 1996). In **Chadwell**, the defendant "did not specifically plead res judicata as required by [Tenn. R. Civ. P. 8.03]." **Id**. at *4. However, the issue was raised at trial and the plaintiff did not argue that defendant had waived the defense. **Id.** The court ruled that res judicata barred plaintiff's claim. **Id.** On appeal, this Court rejected plaintiff's argument that defendant waived the defense, holding that "the issue was tried by implied consent[.]" **Id.** Likewise, in the instant case, Appellants' responded to Appellee's answer but did not argue that Appellee waived its res judicata defense. In other words, even if Appellee failed to specifically raise the res judicata defense in its answer, the defense was tried with Appellants' express consent. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Tenn. R. Civ. P. 15.02. Accordingly, we conclude that the trial court did not err in applying the doctrine of res judicata in this case. We now turn to the question of whether the trial court erred in finding that Appellee met its burden to prove res judicata. **Carter Cnty. v. Street**, 252 S.W.2d 803, 806 (Tenn. Ct. App. 1952) (holding that a party, who successfully pleads a res judicata defense, must carry the burden of proving it.).

Under the doctrine of res judicata, a final judgment on the merits rendered by a court of competent jurisdiction concludes the rights of the parties and their

privies. ***Richardson v. Tenn. Bd. of Dentistry***, 913 S.W.2d 446, 459 (Tenn. 1995). The doctrine bars a subsequent action between the parties that involves the same claim or cause of action. ***Id.*** It prohibits multiple lawsuits with respect to issues that were or could have been litigated in the prior suit. ***Massengill v. Scott***, 738 S.W.2d 629, 631 (Tenn. 1987). Accordingly, res judicata applies not only to issues that were raised and adjudicated in the prior lawsuit, but also to "all claims and issues which were relevant and which could reasonably have been litigated in a prior action." ***Am. Nat'l Bank and Trust Co. of Chattanooga v. Clark***, 586 S.W.2d 825, 826 (Tenn. 1979).

A final judgment on the merits rendered by a court of competent jurisdiction is a threshold requirement for application of the doctrine. Here, our holding in ***Hirt I*** resulted in the BZA's July 22, 2013 decision becoming the final "order" in the case. ***Terry***, 2009 WL 1138122, at *3. Although the "final order" giving rise to res judicata was not rendered by an actual court, Tennessee Courts have uniformly held that "[t]he doctrines of res judicata and collateral estoppel are applicable to give conclusive effect to quasi-judicial determinations of administrative agencies." ***Morris v. Esmark Apparel, Inc.***, 832 S.W.2d 563, 566 (Tenn. Ct. App. 1991); *see* ***Sullivan v. Wilson Cnty.***, No. M2011-00217-COA-R3-CV, 2012 WL 1868292, at *10 (Tenn. Ct. App. May 22, 2012) (recognizing ***Morris*** as the source of res judicata and collateral estoppel rules regarding administrative decisions in Tennessee). So, if "'an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.'" ***Morris***, 832 S.W.2d at 566 (quoting ***United States v. Utah Constr. & Mining Co.***, 384 U.S. 394, 422 (1966)). As such, the fact that the final order was rendered by the BZA does not preclude the application of the doctrine of res judicata in the instant appeal.

Generally, res judicata applies to the determinations of administrative agencies "acting in a quasi-judicial capacity" when the following conditions are met:

> (1) the issues decided in adjudicative proceedings are identical; (2) the prior adjudication resulted in a judgment on the merits; (3) the proceedings involve the same parties; and (4) the parties had a full and fair opportunity to litigate the issue in the prior proceeding.

***Wayman v. Transp. Licensing Comm'n of Metro. Gov't of Nashville & Davidson Cnty.***, No. M2009-01360-COA-R3-CV, 2010 WL 1293796, at *3 (Tenn. Ct. App. Apr. 5, 2010) (citing ***Mangrum v. Wal-Mart Stores, Inc.***, 950 S.W.2d 33, 36 (Tenn. Ct. App. 1997)). More specifically:

> Like a judgment of a court, an administrative adjudication is res judicata or conclusive between the same parties on the same cause of action not only as to all matters litigated, but as to all matters which could have been

litigated in the proceeding with respect to such cause. An administrative decision denying or dismissing a party's claim on the merits precludes such party from obtaining, in a judicial proceeding not designated for review of the administrative decision, the relief denied by the administrative agency, whether upon the same ground as urged in the administrative proceeding, or upon another ground. An administrative decision granting a party the relief asked for prevents such a party from obtaining additional relief in a judicial proceeding upon the same ground.

***Purcell Enters., Inc. v. State***, 631 S.W.2d 401, 407 (Tenn. Ct. App. 1981) (quoting 2 Am. Jur. 2D *Administrative Law* § 502 (1962)).

In its April 9, 2019 order denying Appellants' petition for writ of certiorari, the trial court held that "the administrative record establishes that all four of the necessary elements for application of res judicata [as set out in ***Wayman***, *supra*] have been met." Appellants do not dispute that ***Wayman*** factors three and four are met, i.e., (3) the proceedings involve the same parties; and (4) the parties had a full and fair opportunity to litigate the issue in the prior proceeding. Furthermore, based on the discussion above, we conclude that the second ***Wayman*** factor, i.e., the prior adjudication resulted in a judgment on the merits, was satisfied when the BZA's 2013 ruling became a final judgment after our mandate in ***Hirt I***. As such, the resolution of Appellants' res judicata issue rests on the first ***Wayman*** factor, i.e., whether "the issues decided in [the] adjudicative proceedings [i.e., in the BZA proceedings stemming from Appellants' 2013 application for a billboard permit and its proceedings stemming from Appellants' 2018 application for a billboard permit] are identical." ***Wayman***, 2010 WL 1293796, at *3.

In arguing that the first ***Wayman*** factor is not met, in their appellate brief, Appellants' restate verbatim the argument set out in their trial brief (*supra*). Specifically, Appellants' argue that the issues decided by the BZA in 2013 are not identical to those it decided in 2018. We disagree. In both its 2013 application and its 2017 application, Appellants sought a permit to erect an LED digital billboard on their property. From our review of the record, the only differences between the two applications are the date the applications were filed and the proposed locations of the billboard on the property. In their 2013 application, Appellants proposed construction of the LED digital billboard closer to the street; the 2017 application proposed construction of the LED digital billboard on the site of the previous static billboard. Furthermore, Appellants assert that the issues are not identical based on the fact that the BZA relied on different Metropolitan Code sections in adjudicating Appellants' 2013 and 2017 applications. The trial court held that the Appellants' arguments involved "distinction[s] without a legal difference," and that "the legal issues [were] the same" in both proceedings. We agree. In ***Gerber v. Holcomb***, a case relied on by the trial court, we held:

"It is a fundamental principle of jurisprudence that material facts or

questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action whether the subsequent action involves the same or a different form or proceedings, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief."

**Gerber v. Holcolm**, 219 S.W.3d 914, 919 (Tenn. Ct. App. 2006) (quoting **Cotton v. Underwood**, 442 S.W.2d 632, 635 (Tenn. 1969)); *accord* **Wayman**, 2010 WL 1293796, at *3 (holding that res judicata prohibits the re-litigation of the same issues and "all claims and issues which were relevant and which could reasonably have been litigated in the prior action."). Under the **Gerber** holding, the fact that the BZA relied on different code provisions in its 2013 and 2018 decisions does not preclude the application of res judicata so long as the 2013 and 2018 proceedings were based on the same "material facts or questions." **Gerber**, 219 S.W.3d at 919. In both applications, Appellants sought a permit for an LED digital billboard. It is immaterial where, on the property, the proposed billboard would be located. The material fact, i.e., that Appellants seek a permit to erect an LED digital billboard somewhere on their property, did not change between 2013 and 2018. As such, we conclude, as did the trial court, that Appellee has met its burden to establish the factors necessary for application of res judicata.

Having determined that the trial court did not err in dismissing Appellants' petition for writ of certiorari as barred by the doctrine of res judicata, we pretermit the remaining issue. *See* **In re Jamie B.**, No. M2016-01589-COA-R3- PT, 2017 WL 2829855, at *7 (Tenn. Ct. App. June 30, 2017) (citing **State v. Mellon**, 118 S.W.3d 340, 348 (Tenn. 2003) ("[W]hen presented with multiple issues on appeal, one of which is dispositive, we have consistently found the remaining issues to be pretermitted.").

## IV. Conclusion

For the foregoing reasons, we affirm trial court's order dismissing Appellants' petition for writ of certiorari on the ground of res judicata. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellants, Andrew Hirt and BMP, LLC, for all of which execution may issue if necessary.

_____

KENNY ARMSTRONG, JUDGE