# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 20, 2011 Session

## ANITA J. CASH, CITY OF KNOXVILLE ZONING COORDINATOR, v. ED WHEELER

**Appeal from the Chancery Court for Knox County**
**No. 173544-2     Hon. Daryl Fansler, Chancellor**

---

**No. E2010-02652-COA-R3-CV-FILED-AUGUST 16, 2011**

---

The City of Knoxville Board of Zoning Appeals granted defendant a variance and the Knoxville City Council then nullified the variance granted by the Board of Zoning Appeals. Defendant then appealed to the Chancery Court of Knox County contending that the city ordinance which permitted the City Council to review the decisions of the Board of Zoning Appeals was invalid, and the Chancellor agreed. On appeal, we hold that the ordinance at issue is valid under the State's statutory scheme. We reverse the Chancellor and remand for further proceedings.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Angela B. Rauber, and Debra C. Poplin, Knoxville,  Tennessee, for the appellant, Anita Cash.

Arthur G. Seymour, Jr., and Matthew A. Grossman, Knoxville, Tennessee, for the appellee, Ed Wheeler.

# OPINION

## Background

The Zoning Coordinator for the City of Knoxville, (The City), filed a Complaint in the Chancery Court for injunctive relief against defendant Ed Wheeler, a homeowner. Wheeler owns residential property in Knoxville that has a fence that exceeds the maximum height allowed by the city's zoning ordinance. Wheeler applied for and was granted a variance from the City of Knoxville Board of Zoning Appeals. The variance permitted Wheeler to maintain the fence despite its height. The Kingston Pike - Sequoyah Hills Association appealed the Board of Zoning Appeal's approval of the variance to the chief legislative body, the Knoxville City Council. The Council voted to approve the appeal, resulting in overturning the variance which had been granted by the Board of Zoning Appeals.

Wheeler answered the Complaint, and filed a Counterclaim for declaratory judgment and attorney fees contending that the City Council lacked authority to disturb the actions of the Board of Zoning appeals with respect to variances and that the Council's action to overturn the variance was void.

## The Trial

The case proceeded to trial before the Chancellor, who filed a Memorandum Opinion and found that the City Council lacked authority to hear appeals from the Board of Zoning Appeals and that, as a result, the variance granted by the Board of Zoning Appeals was valid, and that Wheeler was not in violation of the zoning ordinance.

The Trial Court initially held that defendant was entitled to recover attorney fees, but subsequently, the Trial Court disallowed defendant's claim for attorney's fees.

The City appealed to this Court and has raised this issue:

Did the City of Knoxville's legislative body have authority to enact an ordinance that created an additional level of administrative review whereby aggrieved parties may appeal decisions of the City of Knoxville Board of Zoning Appeals to the Knoxville City Council?

The Kingston Pike - Sequoyah Hills Association appealed the Board of Zoning Appeal's decision to grant the variance to the City Council pursuant to the Knoxville City Code, Appendix B, Article VII, § 2(E), which provides:

**Section 2. Variances**

* * *

E. City council review of action of board.

  1. Any person, firm or corporation aggrieved by any decision of the board may petition the city council to consider the same, in accordance with the provisions set forth in article VII, section 6, subsection F, of this ordinance.

Any question regarding the scope of local governmental authority is a question of law, and as such, we review the issue in this case under a purely *de novo* standard of review, according no deference to the conclusions of law made by the lower courts. *S. Constructors, Inc. v. Loudon County Bd. of Educ*. 58 S.W.3d 706, 710 (Tenn. 2001).

### Discussion

The power of Tennessee's local governments to enact ordinances is derived from the General Assembly. *S. Constructors* at 710. The power to enact zoning ordinances has been granted to Tennessee municipalities through Tenn. Code Ann. §13-7-201 *et seq*. Tenn. Code Ann. §13-7-201(a)(1) specifically grants zoning powers to the chief legislative body of any municipality as follows:

> For the purpose of promoting the public health, safety, morals, convenience, order, prosperity and general welfare, the board of aldermen, board of commissioners or other chief legislative body of any municipality by whatever title designated, and hereinafter designated as "chief legislative body", is empowered, in accordance with the conditions and the procedure specified in this part and part 3 of this chapter, to regulate the location, height, bulk, number of stories and size of buildings and other structures, the percentage of the lot which may be occupied, the sizes of yards, courts and other open spaces, the density of population, and the uses of buildings, structures and land for trade, industry, residence, recreation, public activities and other purposes . . .

In addition to granting the general powers necessary to regulate land use through zoning ordinances, the statute permits municipalities to create a board of zoning appeals. Tenn. Code Ann. §13-7-205(a)(1) provides:

The chief legislative body **may** create a board of zoning appeals of three (3) or five (5) members, may specify the mode of appointment of members of such board and their terms, which terms shall be of such length and so arranged that the term of one (1) member shall expire each year, or the chief legislative body may designate the planning commission of the municipality as the board of zoning appeals. . . . (emphasis added).

Tenn. Code Ann. §13-7-205(b) provides that the chief legislative body "may provide and specify, in its zoning or other ordinance, general rules to govern the organization and procedure and jurisdiction of the board of appeals . . . .". Any board of zoning appeals created pursuant to the statute is authorized to hear appeals concerning administrative decisions of the municipality, Tenn. Code Ann. §13-7-206, and to decide requests for variances in accordance with the powers described in Tenn. Code Ann. §13-7-207.

The zoning enabling statute is silent as to appellate review of board of zoning appeals decisions. Judicial review of a decision by a local board of zoning appeals, an administrative body, is obtained by filing a petition for a common law writ of certiorari pursuant to Tenn. Code Ann. § 27–8–101. *Harding Acad. v. Metro. Gov't of Nashville & Davidson County*, 222 S.W.3d 359, 363 (Tenn. 2007); *McCallen v. City of Memphis,* 786 S.W.2d 633, 639 (Tenn.1990). The Knoxville City Council interjected an intermediate level of appeal by enacting the ordinance that permits a party aggrieved by a zoning decision made by the Board of Zoning Appeals to appeal to the City Council. The issue is whether the City Council had authority to enact this ordinance, Article VII, § 2(E).

We conclude the City Council does have such authority under the reasoning this Court employed in a strikingly similar case, *Wadlyn Corp. v. City of Knoxville*, 296 S.W.3d 536 (Tenn. Ct. App. 2008) *perm. app. denied* (Aug. 24, 2009),[1] wherein the Court held that enabling statute, Tenn. Code Ann. §13-7-201, *et seq*., did not prohibit the Knoxville City Council from hearing an appeal from a decision reached by the Metropolitan Planning Commission pursuant to a zoning ordinance. The only difference between *Wadlyn* and this case is that the question here pertains to variances granted by the Board of Zoning Appeals rather than use-on-review granted by the city planning commission. The ordinance at issue in *Wadlyn* was almost identical to the ordinance at issue here except that the word "board" is exchanged for "planning commission". The ordinance at issue in *Wadlyn* provided: "Any person, firm or corporation aggrieved by any decision of the planning commission may petition the city council to consider the same, in accordance with the provisions set forth in article VII, section 6, subsection F, of this ordinance." *Wadlyn* at 539.

---

[1] The trial court declined to follow *Wadlyn* .

This Court in *Wadlyn,* stated the issue before it as whether the ordinance allowing the council to review the planning commission's decision was *ultra vires* and illegal. The land owners had argued the ordinance was not authorized by Tenn. Code Ann. § 13-7-201 *et seq. Id.* at 542. We held that as the enabling statute did not prohibit the Council from retaining the right of review of actions of a planning commission, the action of the City Council was not *ultra vires* and illegal. *Id.* at 542. We reasoned as follows:

> The appropriate enabling statute relevant to the case now before us, Tenn. Code Ann. § 13–7–205, provides, in pertinent part, that the chief legislative body of a municipality may create a board of zoning appeals or may designate the planning commission as the board of zoning appeals and "may provide and specify, in its zoning or other ordinance, general rules to govern the organization and procedure and jurisdiction of the board of appeals...." Tenn. Code Ann. § 13–7–205 (1999). The language used in Tenn. Code Ann. § 13–7–205 clearly is permissive and not mandatory. The chief legislative body of a municipality may choose to create a board of zoning appeals, may designate the planning commission to act in that capacity, or may do neither. However, if a chief legislative body of a municipality chooses not to create a board of zoning appeals or designate the planning commission to act in such a capacity, this does not mean that there is no avenue of appeal to parties who have been aggrieved by actions of the planning commission. Further, we note that Tenn. Code Ann. § 13–7–201 *et seq.* contains no prohibition on the establishment of additional levels of administrative review beyond a board of zoning appeals, if the chief legislative body of a municipality desires to so provide. As such, the chief legislative body of a municipality could create a board of zoning appeals and then provide that appeals of matters from the board of zoning appeals would be heard by the chief legislative body.

*Id.* at 542 - 543.

Clearly, the rationale in *Wadlyn*, applies to the case before us. The Board of Zoning Appeals is a quasi-judicial body, as is the Planning Commission. *B & B Enterprises of Wilson Co., LLC v. City of Lebanon,* M2003-00267-COA-R3-CV, 2004 WL 2916141(Tenn. Ct. App. Dec. 16, 2004) states:

> *Planning commissions*, like other boards and commissions of local government, are performing a quasi-judicial function when they review a proposed use of a particular tract of real property. *See Reddoch v. Smith,* 214 Tenn. 213,222, 379 S.W.2d 641, 645 (1964); *Lafferty v. City of Winchester,* 46 S.W.3d 752, 758 (Ten.. Ct. App. 2000); *Burson & Simpson Lodge Devs., Inc. v. Metropolitan Gov't,* No. 01A01-9805-CH-00249, 1999 WL 114257, at *2-1 (Tenn. Ct. App. Mar. 5, 1999 (No. Tenn. R.

App. P. 11 application filed).

(Emphasis supplied).

We hold that the City Council was not prohibited from enacting the ordinance at issue by the enabling statute, Tenn. Code Ann. § 13-7-201 *et seq.* Thus, the action taken by the City Council pursuant to the ordinance was valid. The Judgment of the Trial Court dismissing the City's suit and holding that the variance granted by the Board of Zoning Appeals was valid is reversed. The cause is remanded for the Trial Court to consider the plaintiff's complaint for injunctive and other relief.

The Judgment of the Trial Court dismissing the City's suit and upholding the variance granted by the Board of Zoning appeals is reversed and the cause remanded for further proceedings consistent with this Opinion. The cost of the appeal is assessed to Ed Wheeler.

_____
HERSCHEL PICKENS FRANKS, P.J.