IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 4, 2024

## CARL E. SWANN v. CITY OF KINGSPORT

**Appeal from the Chancery Court for Sullivan County**
**No. 20-CK-42591(C)     Katherine Leigh Priester, Chancellor**

_____

### No. E2023-01679-COA-R3-CV

_____

The appellee filed a petition for a common law writ of certiorari seeking judicial review of a decision from the board of zoning appeals. Having determined that the petition did not comply with certain statutory requirements, we find that the trial court lacked subject matter jurisdiction to take up the writ. Accordingly, we vacate the trial court's order, and remand for the entry of an order of dismissal.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Rodney B. Rowlett, III, and Sarah B. Valk, Kingsport, Tennessee, for the appellant, City of Kingsport.

Charles J. London, Jonesborough, Tennessee, for the appellee, Carl E. Swann.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Carl E. Swann is the owner of a building located at 846 Martin Luther King Jr. Drive, Kingsport, Tennessee. Mr. Swann sought a 30-space parking space reduction variance from the Kingsport Board of Zoning Appeals for the purpose of opening a sports bar restaurant in the building. Kingsport city ordinance section 114-564(4)(f) requires eating establishments to have a certain number of off-street parking spaces available, as determined by the number of seats in and persons employed by the establishment. It was

determined that the regulation would require Mr. Swann to have 30 parking spaces off-street spaces available at the site. If granted, the variance would have served as "a total elimination of all required [off-street] parking[.]" It appears Mr. Swann sought the variance to allow for street parking to serve in place of the required off-street parking, despite the parking code not allowing for street parking on certain portions of the street accompanying the building. On July 2, 2020, a hearing was held before the zoning board in which Mr. Swann explained his request. Other persons present spoke against the proposed variance.

At the hearing, Mr. Swann described some remodeling work performed at the property and his attempt to obtain a permit to have additional work performed. Mr. Swann indicated that when an electrician attempted to procure the permit it was not issued due to the above-mentioned zoning regulations in the area. Mr. Swann stated that he had not been made aware of any changes to the zoning scheme, and that street parking had previously been allowed. Mr. Ken Weems, the Planning Manager and Zoning Administrator, was present and clarified that the change in the zoning designation had occurred approximately 12 years earlier, but that it was irrelevant to the onsite parking issue as both zones were subject to the same parking code. The zoning board voted to deny the variance request. The denial was officially entered on August 6, 2020, when the minutes of the July 2 meeting were read and approved by the zoning board.

On September 1, 2020, Mr. Swann filed a petition for a common law writ of certiorari in the chancery court of Sullivan County, Tennessee, and an amended petition on October 1, 2020. Mr. Swann sought a ruling that the zoning board's denial of the variance was arbitrary and capricious, and an award of a 15-space parking space reduction variance. The City moved to dismiss the petitions for lack of subject matter jurisdiction, alleging that neither petition had been "verified and sworn to under oath." Briefs were submitted by both parties and a hearing was held to resolve the issue.

In its order denying the motion to dismiss, the trial court stated that "this action is one for common law writ of certiorari and governed solely by Chapter 9, Title 27 of the Tennessee Code Annotated." The trial court further stated that in accordance with Tennessee Code Annotated section 27-9-102, "the petition need only set forth '… briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.'" The trial court held that the petitions were not required to be supported by oath or affirmation, and further determined that both the petitions conformed with all the requirements listed in Tennessee Code Annotated section 27-9-102 and therefore denied the motion to dismiss. The case then proceeded to a trial on the merits which resulted in the matter being remanded to the zoning board for consideration of a less than 30-space parking space reduction variance. The City filed this appeal.

## II. ISSUES PRESENTED

The City has presented one issue for review which we have slightly reframed:

1. Whether the trial court lacked subject matter jurisdiction over the common law writ of certiorari because the petition did not comply with the verification requirement of Tennessee Code Annotated sections 27-8-104 and 27-8-106.

In addition to answering the issue presented by the City, Mr. Swann also raises the following issue which we have slightly reframed:

1. Whether the City failed to properly raise a constitutional challenge to Tennessee Code Annotated section 27-9-102.

For the following reasons, we vacate the trial court's order and remand for the dismissal of this case.

### III. DISCUSSION

A party subject to the decision of a local zoning board may seek judicial review of that decision "by filing a petition for a common law writ of certiorari pursuant to Tenn. Code. Ann. §27-8-101." *Cash v. Wheeler*, 356 S.W.3d 913, 915 (Tenn. Ct. App. 2011) (citing *Harding Acad. v. Metro. Gov't of Nashville & Davidson County*, 222 S.W.3d 359, 363 (Tenn. 2007); *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990)). Common law writs of certiorari are extraordinary judicial remedies that are "not available as a matter of right." *Moore v. Metro. Bd. of Zoning Appeals*, 205 S.W.3d 429, 435 (Tenn. Ct. App. 2006) (citing *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Boyce v. Williams*, 389 S.W.2d 272, 277 (Tenn. 1965); *Yorkley v. State*, 632 S.W.2d 123, 127 (Tenn. Ct. App. 1981)). Here we do not consider whether the trial court was correct in its decision regarding the merits of the writ, but rather its determination that it had subject matter jurisdiction over the writ. "Whether subject matter jurisdiction exists is a question of law, and we review the trial court's decision on this issue *de novo*, affording it no presumption of correctness." *State ex rel. Com'r of Dep't of Transp. v. Thomas*, 336 S.W.3d 588, 601 (Tenn. Ct. App. 2010) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

Subject matter jurisdiction is the authority of a court "to adjudicate a particular case or controversy." *Depot Prop., LLC v. Town of Arlington*, No. W2011-01509-COA-RM-CV, 2012 WL 2849515, at *2 (Tenn. Ct. App. July 12, 2012) (citing *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011)). If a court does not hold subject matter jurisdiction, then it "cannot enter a valid, enforceable order." *Id.* (citing *Earls*, 2011 WL 3481007, at *5). When subject matter jurisdiction is at issue, "the court must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law

have conferred on it the power to adjudicate the case before it." *Id.* (citing *Earls*, 2011 WL 3481007, at *5).

The authority for a trial court to issue writs of certiorari is derived from the Tennessee Constitution which states that:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.

Tenn. Const. art. VI, § 10. In addition to the State Constitution, certain statutory provisions also govern petitions for writs of certiorari. *Hirt v. Metro. Bd. of Zoning Appeals of Metro. Gov't of Nashville*, 542 S.W.3d 524, 527 (Tenn. Ct. App. 2016). One such provision is the verification requirement set out at the end of Tennessee Code Annotated section 27-8-104(a) which grants circuit and chancery courts the ability to issue writs of certiorari when they are, "supported by oath or affirmation." Tenn. Code Ann. § 27-8-104(a). Tennessee Code Annotated section 27-8-106 further states that a "petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106.

Verification "'establishes the truth of the document's contents….'" by requiring the petitioner to swear as to the contents of the petition under oath before a notary or public official. *Sepulveda v. Tennessee Bd. of Parole*, 582 S.W.3d 270, 274 (Tenn. Ct. App. 2018) (quoting *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 244 (Tenn. Ct. App. 2006)). The verification of a document's contents is not satisfied solely by the notarization of a document, as the two "'are distinct concepts.'" *Sepulveda*, 582 S.W.3d at 274 (quoting *Jackson*, 240 S.W.3d at 244). "Notarization 'acknowledges the proper execution of a document'" *Id*. (quoting *Jackson*, 240 S.W.3d at 244), whereas verification requires a statement accompanying the petition to, "'declare that the petition's allegations are true to the best of the petitioner's knowledge.'" *Id*. at 275 (quoting *Cason v. Little*, No. W2007-01910-COA-R3-CV, 2008 WL 2065194, at *3 (Tenn. Ct. App. May 15, 2008)). In addition, the statement must be sworn to in front of one of the persons designated in Tennessee Code Annotated section 27-8-106.

A trial court's jurisdiction is "'predicated upon the verification requirement in section 27-8-106.'" *Hirt*, 542 S.W.3d at 527-28 (quoting *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007)). A court does not acquire "'jurisdiction over the petition unless it is verified under [Tennessee Code Annotated section 27-8-106].'" *Id.* at 528 (quoting *Blair*, 246 S.W.3d at 41) (brackets in original). This requirement, "'necessarily connotes that the petitioner is first administered an oath and then states in accordance with that oath that the contents of the petition are true.'" *Id.* at 528

(quoting *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *3 (Tenn. Ct. App. Feb. 13, 2006)).

The City argues that Mr. Swann failed to fulfill the requirements for the filing of a petition for a common law writ of certiorari by failing to include an oath or affirmation in which he attests to the truthfulness of the contents of the petition and which is signed by one of the persons designated in Tennessee Code Annotated section 27-8-106. The City contends that failure to properly verify the petition deprived the trial court of subject matter jurisdiction and therefore the trial court's order should be vacated, and the case dismissed. We agree.

Tennessee courts have previously held that petitions for writs of certiorari filed without an oath or affirmation do not provide a trial court with subject matter jurisdiction. In *Cawood*, our Supreme Court stated that because the aggrieved party was required to file a petition for writ of certiorari by Tennessee Code Annotated Section 27-9-102 that the petition was also, "governed by Tennessee Code Annotated section 27-8-106 (2000)." *Bd. of Pro. Resp. of Tennessee Supreme Ct. v. Cawood*, 330 S.W.3d 608, 609 (Tenn. 2010). The Court determined that the appellant failed to follow the procedures set out in Tennessee Code Annotated section 27-8-106 when writing its petition by omitting an oath or affirmation and a statement that it was the first application for the writ. *Id*. The Court held that the failure to adhere to the requirements of Tennessee Code Annotated section 27-8-106 deprived the trial court of subject matter jurisdiction to take up the writ. *Id*. As a result, the appeal was dismissed. *Id*.

Subsequently, in *Depot Property*, this Court considered an appeal of a common law writ of certiorari. 2012 WL 2849515, at *1. In this case, the trial court overturned the appellant town's decision and we subsequently reversed. *Id*. An appeal was made to our Supreme Court, and the case was remanded to this Court to be reconsidered specifically in light of the *Cawood* decision. *Id*. When considering the holding of *Cawood*, we determined that the common law writ filed by the petitioner was deficient for failure to include an oath or affirmation as required by Tennessee Code Annotated section 27-8-106. *Depot Prop.*, 2012 WL 2849515, at *4. We held that the failure to comply with the terms of Tennessee Code Annotated section 27-8-106 deprived the trial court of subject matter jurisdiction to take up the petition for a writ of common law certiorari. *Id*. Accordingly, we vacated the trial court's decision and remanded the case for the entry of an order of dismissal. *Id*.

Finally, in *Hirt*, we determined that a trial court should have dismissed a common law writ of certiorari where the appellant failed to comply with the verification requirement of Tennessee Code Annotated section 27-8-106. *Hirt*, 542 S.W.3d at 528. There, the petitioner signed a petition in a section titled "Oath" but did not include "the signature of any of the persons listed in Tennessee Code Annotated section 27-8-106." *Id*. An amended petition was also filed in which a section titled "Verification" was included and signed,

attesting to the truth of the contents of the petition, but again did not include the signature of any of persons listed in section 27-8-106 before whom the petition was verified. *Id*. at 529. Despite the inclusion of "Oath" and "Verification" sections in the petitions, the petitions failed to satisfy the verification requirement of Tennessee Code Annotated section 27-8-106 as they were not signed by a person designated by the statute. *Id*. at 528-29. Accordingly, we held the trial court was without subject matter jurisdiction. *Id*. at 529.

Similarly, here, both petitions were submitted without a section in which the petitioner swore as to the contents of the petition and without the signature of a person designated in Tennessee Code Annotated section 27-8-106. Thus, neither petition satisfied the statutory verification requirement for a common law writ of certiorari. Accordingly, the trial court did not have subject matter jurisdiction to take up the writ.

Mr. Swann argues that the verification requirement only applies when filing petitions for statutory writs of certiorari. He states that "[t]he Chapter 8, statutory writ of certiorari, is broad and governs most writs of certiorari. However, Chapter 8 does not govern all writs of certiorari as the General Assembly codified the common law writ of certiorari in Chapter 9." He further argues that the verification requirement does not apply to the petitions filed in this case, as the requirement exists in Tennessee Code Annotated section 27-8-106, and that his petitions for a common law writ of certiorari were, "only subject to the requirements of Chapter 9." Mr. Swann is mistaken.

"In Tennessee, there are two forms of a writ of certiorari: (1) the common law writ of certiorari, codified at Tennessee Code Annotated section 27-8-101; and (2) the statutory writ of certiorari, codified at Tennessee Code Annotated section 27-8-102." *In re Lucas H.*, 634 S.W.3d 1, 7 (Tenn. Ct. App. 2021) (citing *Admin. Res., Inc. v. Tenn. Dep't of Com. & Ins.*, No. M2010-01199-COA-R3-CV, 2011 WL 2176387, at *5 (Tenn. Ct. App. June 2, 2011)). However, "[s]ection 27-8-106 sets forth two requirements for petitions for certiorari[.]" *Cawood*, 330 S.W.3d at 609. As stated above, courts in Tennessee have often held that a trial court lacked subject matter jurisdiction where a petition for a common law writ of certiorari verification section was not properly attached. *Depot Prop.*, 2012 WL 2849515, at *4; *Hirt*, 542 S.W.3d at 528-29; *see also Keith v. Maury Cnty. Bd. of Zoning Appeals*, No. M2017-02542-COA-R3-CV, 2019 WL 3946171, at *1 (Tenn. Ct. App. Aug. 21, 2019) ("We conclude that landowners were challenging a quasi-judicial decision of a local board of zoning appeals and that a petition for [common law] writ of certiorari was the proper method for seeking review. Because landowners' petition was not verified, we affirm the dismissal [for lack of subject matter jurisdiction]."); *Sepulveda*, 582 S.W.3d at 274 ("As this Court has frequently explained, in order for a common law writ of certiorari to be valid, 'the petitioner must verify the contents of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public.'") (citing *Jackson*, 240 S.W.3d at 244); Tenn. Const. art. VI, § 10; Tenn. Code Ann. § 27-8-104, -106 (2017)); *Town of Collierville v. Town of Collierville Bd. of Zoning*, No. W2016-02032-COA-R3-CV, 2017 WL 2365018, at *4 (Tenn. Ct. App. May 31, 2017) ("[T]here is no dispute that

a petition for writ of certiorari is the proper procedural vehicle to challenge the decision of the Board of Zoning Appeals. As such, compliance with the technical requirements of Tennessee Code Annotated section 27-8-106 was mandatory, and failure to comply with those requirements deprived the trial court, and this Court, of subject matter jurisdiction to conduct any judicial review."); *Jackson*, 240 S.W.3d at 245 ("The Tennessee Constitution and the statutes promulgated by the legislature require that a petition for a writ of common law certiorari be made under oath.") (citing Tenn. Const. art. 6, § 10; Tenn. Code Ann. §§ 27-8-104(a), -106 (2000)). Thus, we find Mr. Swann's argument unconvincing, as it is incongruous with the weight of legal authority.

An additional issue was raised by Mr. Swann asserting that the City implicitly raised a constitutional challenge to Tennessee Code Annotated section 27-9-102. Mr. Swann argues the City waived its argument by failing to properly raise the issue and by not joining the State of Tennessee as a party. The City stated in its reply brief that it did not challenge the constitutionality of the statute at any time. As we have found that the trial court lacked subject matter jurisdiction to take up this action, this issue is pretermitted.

Having carefully reviewed the conclusions of law of the trial court, we find the trial court erred when it held that common law writs of certiorari are not governed by Tennessee Code Annotated sections 27-8-104 and 27-8-106. We find that the trial court further erred when it determined that it had subject matter jurisdiction to take up the petition for common law writ of certiorari. The petitions filed by Mr. Swann failed to include both a sworn statement verifying the contents of the petition and the signature of a person designated in Tennessee Code Annotated section 27-8-106. Therefore, the trial court did not have subject matter jurisdiction over the petition.

## IV. CONCLUSION

For the aforementioned reasons, we find the trial court lacked subject matter jurisdiction in this case. Accordingly, we vacate the trial court's order and remand this case for the entry of an order of dismissal. Costs of this appeal are taxed to the appellee, Carl E. Swann, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE