# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 18, 2025 Session

## ELEVATION OUTDOOR ADVERTISING, LLC v. CITY OF PIGEON FORGE, TENNESSEE

### Appeal from the Chancery Court for Sevier County
### No. 23-11-252    James H. Ripley, Chancellor

### No. E2024-01258-COA-R3-CV

The plaintiff, Elevation Outdoor Advertising, LLC ("Elevation"), submitted six applications for billboard sign permits to the defendant, the City of Pigeon Forge, Tennessee ("the City"), and all six were denied by the City's Planning Commission. In this action, Elevation sought a judgment (1) declaring the City's former sign regulation ordinance and temporary moratorium on sign permits void and unenforceable, (2) declaring the City's new sign regulation ordinance inapplicable, and (3) compelling the City by injunction or writ of mandamus to issue permits for Elevation's proposed signs. Upon the City's motion to dismiss, the trial court dismissed Elevation's complaint with prejudice. The trial court determined that the proper relief for Elevation would have been via common law certiorari review, for which Elevation had not met the procedural requirements of timeliness and filing under oath. Elevation has appealed. Upon careful review, we determine that Elevation's complaint properly stated a claim for declaratory judgment rather than writ of certiorari. We therefore reverse the trial court's dismissal of Elevation's complaint and remand for further proceedings consistent with this Opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Michael R. Franz, Knoxville, Tennessee, for the appellant, Elevation Outdoor Advertising, LLC.

John T. Batson and Brian R. Bibb, Knoxville, Tennessee, for the appellee, City of Pigeon Forge, Tennessee.

**OPINION**

## I. Factual and Procedural Background

On November 6, 2023, Elevation filed its complaint in the Sevier County Chancery Court ("trial court"), seeking "injunctive and declaratory relief," as well as a writ of mandamus. Elevation had submitted four applications for billboard sign permits to the City on March 11, 2021, and had then supplemented those applications and added two more on March 15, 2021. On May 4, 2021, Elevation received six letters from the City's Community Development Director notifying Elevation that the City's Planning Commission ("the Planning Commission") had denied all six applications. Elevation alleged in its complaint that the denials were improperly based on an ordinance containing a new set of sign regulations that had not been in effect when the applications were filed. When Elevation submitted its applications, a temporary ordinance had been in effect that proclaimed a moratorium on the issuance of new sign permits until a new ordinance could be enacted or sixty days had passed, whichever occurred first. In its complaint, Elevation specifically challenged the validity of the moratorium ordinance, claiming that it had been enacted in violation of Tennessee Code Annotated §§ 13-7-201, *et seq*. Elevation stated that it did not attempt to follow the administrative procedure of appealing its application denials to the City's Board of Zoning Appeals ("the Zoning Board") because the Zoning Board members were the same individuals as those serving on the Planning Commission. Elevation averred that an appeal to the Zoning Board would have been futile.

This case involves four city ordinances. The first is Section 14-405 ("Outdoor Billboards") within Chapter 4 ("Outdoor Advertising Signs") of Title 14 ("Zoning and Land Use Control") of the City's Municipal Code. The parties refer to Section 14-405, which was in effect in early 2021, as "the Billboard Code." Elevation noted in its complaint that the same sign regulations were also located in the City's Zoning Ordinance, which is the second ordinance at issue and is referred to by the parties as the "Former Sign Regulations." Elevation averred that it had prepared its sign permit applications with the requirements of the Billboard Code and Former Sign Regulations in mind.

In 2017, a plaintiff had challenged the constitutionality of the Billboard Code in an unrelated lawsuit brought before the same trial court. *See Reagan v. City of Pigeon Forge*, Sevier Cnty. Chancery Ct. No. 17-4-115.[1] On February 23, 2021, the trial court entered an order granting summary judgment in favor of the *Reagan* plaintiff upon finding the Billboard Code to be invalid because it had not been submitted to the Planning Commission prior to its enactment. The court determined that the Billboard Code was "clearly tantamount to a zoning ordinance" and therefore should have been submitted to and

---

[1] Chancellor Telford E. Forgety, Jr., presided over the *Reagan* matter.

approved by the Planning Commission before going into effect. The court thereby found that the Billboard Code violated Tennessee Code Annotated §§ 13-7-201, *et seq.* *See Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 471 (Tenn. 2004) ("[T]here is no doubt that the statutes reflect the legislative intent that all zoning plans and zoning amendments must be scrutinized by municipal planning commissions and the public prior to their enactment.").[2]

Following the decision in *Reagan*, the City enacted the third ordinance at issue here, Ordinance No. 1105, imposing a temporary moratorium on the issuance of any new sign permits ("the Moratorium Ordinance"). The Moratorium Ordinance became effective upon its second reading before the City's Board of Commissioners ("the City Commission") on March 8, 2021, three days before Elevation had submitted the first four of its sign permit applications. Section 1 of the Moratorium Ordinance provided:

> A moratorium upon the issuance of permits for new sign applications in the City of Pigeon Forge, in order to allow for the City to conduct a comprehensive study on sign management, shall be in effect for a period of sixty (60) days, from March 8, 2021 to May 7, 2021, unless the moratorium is terminated at an earlier time by the City adopting a new ordinance addressing how signs shall be regulated within the City.

In the instant complaint, Elevation asserted that the City had violated the procedural requirements of Tennessee Code Annotated §§ 13-7-201, *et seq.*, by failing to (1) submit the Moratorium Ordinance to the City's Planning Commission ("the Planning Commission") for review, (2) conduct a public hearing, or (3) properly publish notice of the ordinance.

The City enacted the fourth ordinance involved here, Ordinance No. 1107, when it lifted the Moratorium Ordinance and passed a new sign ordinance ("the New Sign Regulations"). The New Sign Regulations were recommended for passage by the Planning Commission on March 2, 2021; passed on first reading before the City Commission on March 8, 2021; and passed on second and final reading before the City Commission on April 12, 2021. On appeal, the City maintains that the only portion of the New Sign Regulations affected by the *Reagan* decision was City Ordinance § 14-405, which now

---

[2] Citing *Thomas v. Bright*, 937 F.3d 721 (6th Cir. 2019), the trial court in *Reagan* also found that the Billboard Code violated constitutional free speech rights because it "clearly differentiate[d] between on premises and off premises signs, and the differentiation [was] based on the content of the signs[.]" *Thomas* was subsequently abrogated by the United States Supreme Court. *See City of Austin, Tex., v. Reagan Nat'l Adver. of Austin, LLC*, 596 U.S. 61, 73-74 (2022) (rejecting "the view that *any* examination of speech or expression inherently triggers heightened First Amendment concern" and holding instead that "it is regulations that discriminate based on 'the topic discussed or the idea or message expressed' that are content based" and thus require strict scrutiny (quoting *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 171 (2015))).

permits off-premises advertising, subject to certain restrictions, whereas in the Billboard Code and New Sign Regulations, it did not.

In its complaint, Elevation sought a judgment declaring:

(1) the Billboard Code and the Former Sign Regulations are void, invalid, and unenforceable for failure to comply with T.C.A. § 13-7-201 *et seq.* and/or for violation of the First Amendment; (2) the City was prohibited from evaluating Elevation's sign permit applications under the New Sign Regulations because those regulations were not in effect or legally pending at the time the applications were submitted; (3) the Moratorium was tantamount to zoning and was void, invalid, and unenforceable due to the City's failure to comply with T.C.A. § 13-7-201 *et seq.* in enacting the Moratorium; (4) the Moratorium was not a valid exercise of the City's general police power; and (5) Elevation is entitled to build the signs described in its six permit applications.

Elevation also requested a mandatory injunction directing the City to issue permits for Elevation's six proposed signs. Alternatively, Elevation requested a writ of mandamus compelling the City to issue the six sign permits. Elevation attached to its complaint copies of the ordinances involved, the *Reagan* decision, and the letters notifying Elevation of the application denials.

On December 18, 2023, the City filed an answer, contending that Elevation's complaint should be dismissed for failure to state a claim upon which relief could be granted. While admitting that the City had analyzed and denied Elevation's sign permit applications under "the City's Sign Ordinance in force at the time of the denials," the City denied that the processing of the applications "violated Tennessee law in any fashion." The City averred that the "Planning Commission considered sign applications already pending before it at the time of the enactment of the new Sign Ordinance, and denied them pursuant to staff recommendations based on noncompliance with height and size restrictions in the new Sign Ordinance." The City also "affirmatively averred" that Elevation had "failed to exhaust its administrative remedies." Regarding administrative remedies, the City asserted that Elevation had failed to appeal the Codes Enforcement Officer's decision to the Zoning Board, as provided for by city ordinance, and had failed to timely seek judicial review via common law writ of certiorari.

On June 3, 2024, the City filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). The City asserted that no matter how Elevation had styled its complaint, it was "in actuality seeking review of the administrative or quasi-judicial decision" of the Planning

4

Commission. The City argued that the "sole remedy for review of a quasi-judicial or administrative decision of a governmental body or official is through the common law writ of certiorari" and that Elevation had failed to timely file a petition for writ of certiorari and had failed to support its claim by oath or affirmation as required by Tennessee Code Annotated § 13-7-203(a).

In its answer, the City also asserted collateral estoppel and *res judicata* as defenses based on a decision rendered by the United States District Court for the Eastern District of Tennessee. *See Elevation Outdoor Adver., LLC v. City of Pigeon Forge*, No. 3:22-CV-105-TAV-JEM, 2023 WL 2058651 (E.D. Tenn. Feb. 16, 2023). The City attached a copy of the district court's decision to the motion to dismiss. In the federal case, Elevation had alleged that the City had violated its free speech rights under the First Amendment to the United States Constitution and Article I, Section 19 of the Tennessee Constitution and that the City had violated Elevation's procedural due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Tennessee Constitution. The district court granted summary judgment in favor of the City on these claims, finding in part that Elevation lacked standing to bring the free speech claim. The court stated:

> In conclusion, [Elevation] does not have standing to assert a claim under the Free Speech Clause of the First Amendment because it has failed to demonstrate that its injury is fairly traceable to the challenged conduct of [the City]. Even if this requirement was met, [Elevation] would still lack standing because it has not shown that its injury is redressable in the face of size and height requirements, which [Elevation] has not challenged, that would bar [Elevation's] proposed signs regardless.

*Elevation Outdoor Advert.*, 2023 WL 2058651, at *5. The district court determined that Elevation's sign permit applications would not have met the size and height requirements of either the Former Sign Regulations or the New Sign Regulations. *Id.* at *6. The district court also determined that Elevation could not invoke federal jurisdiction for its due process claim under 42 United States Code § 1983 when that claim was based on alleged violations of state law. *Id.* at *7. As to state law claims made by Elevation under the district court's supplemental jurisdiction, the court declined to address those because "all claims over which there was original jurisdiction have been dismissed." *Id.*

In the instant action, Elevation filed a response opposing the City's motion to dismiss on July 18, 2024. Elevation insisted that a declaratory judgment action was the proper remedy because it was seeking to invalidate the Billboard Code, the Former Sign Regulations, and the Moratorium Ordinance rather than overturn the Zoning Board's

5

decision. Elevation also posited that the City's motion to dismiss was in effect a motion for judgment on the pleadings pursuant to Tennessee Rule of Civil Procedure 12.03.

Following a hearing, the trial court entered a "Final Order" on August 13, 2024, granting the City's motion to dismiss with prejudice. The court found that the Commission's decision to deny Elevation's sign applications was a quasi-judicial or administrative decision and that "the sole and exclusive remedy for the review of a quasi-judicial or administrative decision is through the common law writ of certiorari." The court thereby dismissed Elevation's complaint for failure to comply with the verification requirement of Tennessee Code Annotated § 27-8-106 (West 1932 to current) and the sixty-day filing requirement of Tennessee Code Annotated § 27-9-102 (West 1932 to current). The court declined to address the City's collateral estoppel or *res judicata* defenses, but it did note the federal district court's observation that the sign applications would have been denied under either the Former Sign Regulations or the New Sign Regulations. Elevation timely appealed.

## II. Issues Presented

Elevation has presented the following issue on appeal, which we have restated slightly:

1. Whether the trial court erred by granting the City's motion to dismiss for failure to state a claim based on its conclusion that Elevation's complaint was subject to the procedural requirements of a petition for common law writ of certiorari.

The City has raised the following additional issue, which we have similarly restated:

2. Whether Elevation has pled a justiciable case or controversy for declaratory or mandamus relief when the challenged ordinances were not actually applied to the City's sign permit applications and when those permit applications purportedly would have been denied under all applicable bodies of law because the proposed signs were too tall and too large.

## III. Standard of Review

Elevation correctly posits, as it did before the trial court, that the City's motion to dismiss should have been filed as a motion for judgment on the pleadings, pursuant to Tennessee Rule of Civil Procedure 12.03, because the City had filed a responsive pleading prior to the filing of its motion to dismiss. *See Edwards v. Urosite Partners*, No. M2016-

01161-COA-R3-CV, 2017 WL 1192109, at *3 (Tenn. Ct. App. Mar. 30, 2017) ("A motion for judgment on the pleadings is filed pursuant to Tenn. R. Civ. P. 12.03 and is similar to a motion to dismiss for failure to state a claim except that it is made after an answer is filed rather than before."). However, Elevation acknowledges that a motion to dismiss may be treated by a trial court as a motion for judgment on the pleadings and that the appellate standard of review is the same. *See id.*; *Harman v. Univ. of Tenn.*, 353 S.W.3d 734, 736 (Tenn. 2011) ("The motions, being essentially the same, are reviewed under the same standards."). In its final order, the trial court did not address the distinction between a Rule 12.02(6) motion to dismiss and a Rule 12.03 motion for judgment on the pleadings. Given the identical standards of review, we deem any error in the trial court's treatment of the motion to have been harmless.

This Court has previously explained the standard of review for an order addressing a motion for judgment on the pleadings pursuant to Tennessee Rule of Civil Procedure 12.03:

> When reviewing orders granting a Tenn. R. Civ. P. 12.03 motion, we use the same standard of review we use to review orders granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim. *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). Accordingly, we must review the trial court's decision de novo without a presumption of correctness, *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997), and we must construe the complaint liberally in favor of the non-moving party and take all the factual allegations in the complaint as true. We should uphold granting the motion only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief.

*Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

## IV. Nature of Action

Elevation contends that the trial court erred by treating its action as one for common law writ of certiorari and thereby dismissing the action for noncompliance with the writ's procedural requirements. On appeal, Elevation states that its action "contests the City's enforcement of zoning ordinances which were void, not properly in effect, or inapplicable to Elevation's applications—not the way in which the City applied any existing ordinance to the facts presented in Elevation's applications . . . ."[3] The City responds that this action is essentially one for common law writ of certiorari because Elevation is challenging the City officials' administrative decision to deny Elevation's sign permit applications. The

---

[3] During oral argument, Elevation's counsel acknowledged that there is no dispute that Elevation's proposed signs did not meet the requirements of the New Sign Regulations.

City acknowledges that the trial court in *Reagan* had previously found the Billboard Code to be invalid. However, the City avers that Elevation failed to plead any allegations of invalidity against specific sections of the Former Sign Regulations other than the Billboard Code. As to Elevation's challenge to the Moratorium Ordinance, the City asserts that in arguing that no valid sign ordinance was in effect when it submitted its permit applications, Elevation "is attempting to isolate a moment in time when it believes it was entitled to construct the disputed signs." Upon thorough review, we determine the distinction between a declaratory judgment action and a writ of certiorari to be dispositive of this appeal.

"Where the relief sought in a declaratory judgment action is the same relief that is available under common law writ of certiorari, the action will be treated as a certiorari action, and the requirements of such an action will be applied." *State ex rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 581 (Tenn. Ct. App. 2005). As this Court recently explained:

> A writ of certiorari is the vehicle by which a party may seek judicial review of the decision of an inferior tribunal, board, or officer exercising judicial functions, to determine whether that entity "has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101. We have previously stated that, "[a] party subject to the decision of a local zoning board may seek judicial review of that decision 'by filing a petition for a common law writ of certiorari pursuant to Tenn. Code Ann. § 27-8-101.'" *Swann v. City of Kingsport*, No. E2023-01679-COA-R3-CV, 2024 WL 4678009, at *2 (Tenn. Ct. App. Nov. 5, 2024) (*quoting Cash v. Wheeler*, 356 S.W.3d 913, 915 (Tenn. Ct. App. 2011)).

> Conversely, "a declaratory judgment action is a mere procedural device by which various types of substantive claims may be asserted." *Dehoff v. Att'y Gen.*, 564 S.W.2d 361, 363 (Tenn. 1978) (citing *Luckenbach Steamship Co. v. United States*, 312 F.2d 545 (2d Cir. 1963)). A declaratory judgment action permits a party "interested under a deed, will, written contract, . . . or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise" to "have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." Tenn. Code Ann. § 29-14-103.

*Trezevant Enters., Inc. v. City of Germantown*, No. W2024-00420-COA-R3-CV, 2025 WL 1013956, at *4 (Tenn. Ct. App. Apr. 3, 2025).

Specifically concerning challenges to zoning ordinances, this Court has delineated:

> A direct action for declaratory judgment is available and appropriate to challenge the validity, including the constitutionality, of an ordinance, or to determine whether an ordinance applies. It is not, however, available to challenge the decision of a local zoning administrator or board in actually applying, enforcing, or executing a zoning ordinance. As discussed above, such a decision is an administrative decision, subject to review by the common law writ of certiorari, after exhaustion of applicable administrative remedies.

*State ex rel. Moore & Assocs.* 246 S.W.3d at 581. As our Supreme Court has held:

> It is our opinion that an action for declaratory judgment, as provided by T.C.A., §§ 29-14-101—29-14-113, rather than a petition for certiorari is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation.

*Fallin v. Knox Cnty Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983).

In its complaint, Elevation asserted a declaratory judgment claim based on its allegation that "the Billboard Code and the Former Sign Regulations are invalid and unenforceable and that the City wrongfully processed [Elevation's] permit applications under the New Sign Regulations in violation of Tennessee law." Elevation alleged that neither the Billboard Code nor the Moratorium Ordinance was adopted in compliance with the procedural requirements of Tennessee Code Annotated §§ 13-7-201, *et seq.* Specifically, Elevation asserted that the City had not complied with Tennessee Code Annotated § 13-7-203(a) (West 1984 to June 30, 2024), which, at the time of the instant complaint's filing, provided:

> Before enacting the zoning ordinance or any amendment thereof, the chief legislative body shall hold a public hearing thereon, at least fifteen (15) days' notice of the time and place of which shall be published in the official municipal journal or in a newspaper of general circulation in the municipality.

Citing the trial court's *Reagan* decision, Elevation maintained that the trial court had already found that the City had failed to comply with these statutory requirements when it enacted the Billboard Code (Section 14-405 of the City's Municipal Code).

9

Significantly, the Moratorium Ordinance had been enacted three days before Elevation filed its first four sign permit applications and was purportedly in effect at that time. "It is the general rule in Tennessee that a properly filed application must be considered under the zoning ordinance in effect at the time an application is filed, and it is not subject to later amendments to that ordinance." *Wright v. City of Shelbyville Bd. of Zoning Appeals*, No. M2011-01446-COA-R3-CV, 2012 WL 5378267, at *7 (Tenn. Ct. App. Oct. 31, 2012) (citing *Harding Acad. v. Metro. Gov't of Nashville & Davidson Cnty.*, 222 S.W.3d 359, 363 (Tenn. 2007)) (footnote omitted).[4] Elevation alleged in its complaint that the Moratorium Ordinance was invalid because when enacting the Moratorium Ordinance, the City had failed to conduct a public hearing with notice as required by Tennessee Code Annotated § 13-7-203(a). It is undisputed that the City complied with the procedural requirements of Tennessee Code Annotated § 13-7-203(a) when enacting the New Sign Regulations and that Elevation has not challenged the validity of the New Sign Regulations. Instead, Elevation asserts that no valid billboard ordinance was in effect when it filed its sign permit applications.

Upon thorough review of the record and applicable authorities, we conclude that Elevation has properly alleged a claim for declaratory judgment in its complaint because Elevation has challenged the validity of the ordinances rather than any quasi-judicial or administrative application of an ordinance. *See State ex rel. Moore & Assocs.* 246 S.W.3d at 581. Furthermore, inasmuch as Elevation has presented questions of law regarding the validity of the ordinances, Elevation's decision not to pursue administrative remedies did not preclude its declaratory judgment action. *See Ready Mix, USA, LLC v. Jefferson Cnty.*, 380 S.W.3d 52, 64 (Tenn. 2012) ("[T]he exhaustion of an administrative remedy is not required when the party seeking judicial review presents questions of law rather than questions of fact."). We therefore reverse the trial court's dismissal of Elevation's complaint, which was predicated on the court's treatment of this action as one for writ of certiorari.

Elevation urges this Court to decide the questions of law presented by its complaint and requests a writ of mandamus directing the City to issue the sign permits. However,

---

[4] The *Wright* Court noted that Tennessee has recognized "an exception to the general rule" in the "'pending ordinance doctrine,'" which provides that "'a building permit need not be issued if pending at the time of application is an amendment to a zoning ordinance that would prohibit the use of land for which the permit is sought.'" *Wright*, 2012 WL 5378267, at *7 n.5 (quoting *Harding Acad. v. Metro. Gov't of Nashville & Davidson Cnty.*, 222 S.W.3d 359, 364 (Tenn. 2007)). However, effective July 1, 2023, the General Assembly has enacted Tennessee Code Annotated § 29-43-101, which expressly rejects the pending ordinance doctrine. The statute sets forth the legislative intention that "property owners should expect that the merits of a permit application will be judged on the law in effect at the time of application." Tenn. Code Ann. § 29-43-101.

having reversed the trial court's dismissal of this action, we determine the reversal to be dispositive of this appeal. *See, e.g.*, *Holdredge v. City of Cleveland*, 402 S.W.2d 709, 713-14 (Tenn. 1966) (reversing the trial court's treatment of a zoning complaint as one for writ of certiorari upon determining that "the validity of the ordinance amending the zoning ordinance may be tested under our Declaratory Judgments Act" and remanding to the trial court upon concluding that it would be "premature" for the appellate court to rule on the merits of the challenge). Accordingly, we remand this matter to the trial court for further proceedings consistent with this Opinion.

## V. Justiciability

On appeal, the City raises an additional issue regarding whether Elevation's action, even when taken as one for declaratory judgment and mandamus relief, is justiciable.[5] The City argues that because the ordinances challenged by Elevation were not applied to its sign permit applications and because it is undisputed that Elevation's proposed signs would not have met the requirements of the Former Sign Regulations or New Sign Regulations, no justiciable controversy exists and Elevation's complaint is moot. We disagree.

As this Court has previously explained:

The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights. Thus, our courts will not render advisory opinions or decide abstract legal questions.

Cases must be justiciable not only when they are first filed but must also remain justiciable throughout the entire course of the litigation, including the appeal. The concept of mootness deals with the circumstances that render a case no longer justiciable.

A moot case is one that has lost its character as a present, live controversy. The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief. A case will generally be

---

[5] In its reply brief on appeal, Elevation asserts that the City waived its justiciability issue by failing to raise it before the trial court. Although it is true that the City raised the issue of justiciability and mootness for the first time on appeal, we have considered it here because the issue implicates this Court's and the trial court's subject matter jurisdiction to adjudicate the case. *See Hooker v. Haslam*, 437 S.W.3d 409, 433 (Tenn. 2014), *op. denying pet. to rehear* ("Even though neither of the parties raised the question of mootness, the Court was obligated independently to raise the question *sua sponte* since mootness goes to the Court's jurisdiction.").

considered moot if it no longer serves as a means to provide relief to the prevailing party.

*State v. Farris*, No. W2017-00438-COA-R3-CV, 2018 WL 1225746, at *9 (Tenn. Ct. App. Mar. 9, 2018) (quoting *Ivy v. Tenn. Dept. of Corr.*, No. M2007-02606-COA-R3-CV, 2008 WL 5169563, at *3 (Tenn. Ct. App. Dec. 9, 2008)) (internal citations and quotation marks omitted in *Farris*).

The City's justiciability argument aligns with its postulate that Elevation is, in essence, challenging the administrative decision to deny Elevation's sign permit applications. However, we have determined that Elevation's complaint presented a challenge to the validity of the Moratorium Ordinance under which the City undisputedly held the applications until the New Sign Regulations had been enacted and could be applied. Taken together with its challenge to the Billboard and Former Sign Regulations, Elevation questioned whether any of the City's ordinances were valid and enforceable when Elevation filed its sign permit applications. We emphasize that at this point in the proceedings, when a motion for judgment on the pleadings is at issue, Elevation's complaint must be construed liberally in favor of Elevation as the non-moving party. *See Young*, 130 S.W.3d at 63. The City's justiciability argument is unavailing.

## VI. Conclusion

For the reasons stated above, we reverse the trial court's dismissal of Elevation's complaint. This case is remanded to the trial court for further proceedings consistent with this Opinion and collection of costs below. Costs on appeal are taxed to the appellee, the City of Pigeon Forge, Tennessee.

s/ Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE